TERRITORY, respondent, v. BIG KNOT ON HEAD ET AL., appellants.

EVIDENCE — *Confession* — *Statement by an interpreter.*— A statement to third party, by an interpreter, of admissions by the accused, though made in their presence, cannot bind them, when it appears that they did not understand the language in which it was made.

SAME — *Evidence of admissions* — *Hearsay evidence.*— Evidence of a statement made by an interpreter as to admissions made to him is hearsay evidence, and inadmissible.

*Appeal from First District, Gallatin County.*

THE pertinent facts appear in the opinion.

SAVAGE & ELDER and CHUMASERO & McCUTCHEN, for appellants.

GALBRAITH, J.   The record in this case discloses the fact that the court admitted illegal testimony against the appellants, who belonged to the Piegan tribe of Indians.  The bills of exception show that witnesses upon the part of the prosecution testified that an interpreter stated that the defendants admitted to him that they had stolen the horses.  Although it appears that the statements by the interpreter as to the admissions were made in the presence of the appellants, yet it also appears that they did not understand the English language; that being the language in which the interpreter made the statements.  Under such circumstances, the appellants are not bound by the statements made by the interpreter.  Such statements as to their admissions cannot be said to have been brought specifically home to them, although made in their presence.  " Before acquiescence in the language or conduct of others can be assumed as a concession of the truth of any particular statement, or of the existence of any particular fact, it must plainly appear that the language was heard, and the conduct understood."  Whart. Crim. Ev. § 680.   In the obvious sense and meaning of this principle, it cannot be said that a person has heard

language which he did not understand. Language, as well as conduct, must be understood before the person in whose presence it is made can be assumed to acquiesce therein. It appears that this interpreter was in the employment of the government of the United States on the Piegan Indian reservation. Admissions made to him stood in the same relation as those made to any other person. The testimony as to these admissions was manifestly hearsay. The record does not show that there was any other testimony before the jury except the above statements as to the confessions; but even if there had been, yet we cannot say but that the jury founded their verdict upon this testimony alone. The court erred in the admission of this testimony and the error was plainly prejudicial to the appellants.

Other questions are presented, but in the view of the case their consideration is unnecessary.

Judgment reversed, and cause remanded for a new trial.

*Judgment reversed.*