ROBB, APPELLANT, *v.* PORTER ET AL., RESPONDENTS.

(No. 4,945.)

(Submitted November 25, 1922.   Decided December 21, 1922.)

[211 Pac. 210.]

*Insurance Agents—Illegal Revocation of License—Judgment for Defendant—Reversal to Enable Plaintiff to Recover Nominal Damages not Permissible.*

1.  In an action by an insurance agent against the state insurance commissioner to recover damages for revoking his license without first giving him notice and a chance to be heard, *held*, that, conceding that defendant had failed to pursue the steps prescribed by the statute in revoking the license, it appearing affirmatively that plaintiff had been guilty of rebating, he was at best only entitled to nominal damages, and that the judgment for defendant on a directed verdict will not be disturbed on appeal to enable plaintiff to recover merely such damages.

*Appeal from District Court, Cascade County; H. H. Ewing, Judge.*

ACTION by D. Watson Robb against George P. Porter, State Auditor, as insurance commissioner, and another. From a judgment for defendants, plaintiff appeals. Affirmed.

*Mr. W. P. Costello* and *Mr. J. W. Speer,* for Appellant, submitted a brief and argued the cause orally.

*Mr. Wellington D. Rankin,* Attorney General, *Mr. L. R. Foot,* Assistant Attorney General, and *Messrs. Cooper, Stephenson & Hoover,* for Respondents, submitted a brief; *Mr. W. H. Hoover* argued the cause orally.

MR. COMMISSIONER BORTON prepared the opinion for the court.

This action was brought by the plaintiff in the lower court against State Auditor Porter as insurance commissioner, and one John E. Dawson, for damages which the plaintiff contends resulted from the revocation of plaintiff's license as an insurance agent within this state. It is charged in effect that the defendants entered into a conspiracy to ruin the business of the plaintiff by maliciously securing the revocation of his license, and that upon that revocation damages in a large sum resulted to the plaintiff. Issue was joined, and the case tried to a jury. At the conclusion of all of the evidence the trial court directed a verdict for the defendants. Judgment was entered upon the verdict, and from that judgment the plaintiff has appealed.

The salient facts are that the defendant Porter is the insurance commissioner of this state; that the defendant Dawson is engaged in the insurance business in Great Falls, the same city as is the plaintiff; that prior to February 26, 1920, the defendant Porter had issued to plaintiff a license to act as an insurance agent for certain insurance companies; that prior to February 26, 1920, certain information was conveyed to Porter by the defendant Dawson, and as a result of that information, and in conjunction partly with the defendant Dawson, the defendant Porter made an *ex parte* investigation of the issuance of a certain insurance policy to determine whether or not the plaintiff had violated the provisions of section 4026 of the Revised Codes of 1907 (now section 6121, Rev. Codes 1921), relative to rebating. Upon defendant Porter's investigation, and without any notice to the plaintiff, the defendant Porter, on or about February 26, 1920, revoked the license of the plaintiff. The defendant Porter predicates his authority to revoke the license upon section 4029 of the Revised Codes of 1907 (now section 6124, Rev. Codes 1921).

The plaintiff contended in the lower court, and before this [1] court, that the defendant Porter was without authority

to revoke the license of the plaintiff without having first given to the plaintiff a hearing. Let it be conceded for the sake of the disposition of this case that the plaintiff's position is correct on this point. The plaintiff likewise contended in the lower court, and here, that the evidence was sufficient under the pleadings to have fairly carried the matter of its consideration to the jury. Let this also be conceded. And the plaintiff further contends that the lower court was in error in directing a verdict for the defendants, for the reason that there was sufficient evidence to go to the jury upon all branches of the case. Let this likewise be conceded. Nevertheless, these concessions do not avail the plaintiff in this matter, for it affirmatively appears from the testimony in this record that the transaction in question by the plaintiff was in fact a violation of the statute against rebating, so called. (Sec. 6121, Rev. Codes 1921.) In such a situation as this, the plaintiff could only recover nominal damages. In the case of *Wallace* v. *Weaver*, 47 Mont. 437, 133 Pac. 1099, this court, speaking through Mr. Justice Holloway, well said: "The rule is: 'A judgment for defendant will not be reversed and a new trial granted merely to enable appellant to recover nominal damages.' (3 Cyc. 446; *McCauley* v. *McKeig,* 8 Mont. 389, 21 Pac. 22, 16 Morr. Min. Rep. 1; *McAllister* v. *Clement,* 75 Cal. 182, 16 Pac. 775; *Johnson* v. *Cook,* 24 Wash. 474, 64 Pac. 729.) "

Therefore, since the plaintiff, upon a concession of every position that he took, save that the plaintiff was rebating, could only recover nominal damages, and since likewise this court will not reverse the judgment of a lower court to allow the recovery of *merely* nominal damages, it follows that the action of the lower court should be affirmed.

We recommend that the judgment be affirmed.

Per Curiam: For the reasons given in the foregoing opinion, the judgment appealed from is affirmed.

*Affirmed.*

(Decided January 22, 1923.)

ON MOTION FOR REHEARING.

(211 Pac. 1093.)

Opinion: PER CURIAM.

Upon motion for rehearing, filed and submitted in this case, the record and the opinion have been given careful examination and consideration by the court, in view of the several contentions made by the plaintiff in support of his motion for rehearing. In our opinion, there is no merit in the contentions of counsel for the plaintiff, other than the matter of costs in the trial court, as well as upon the appeal. Since, as stated in the opinion, the plaintiff was entitled to at least nominal damages for the infringement of his rights by the defendants, the judgment of the trial court is hereby modified by striking out the item of $10.50 taxed therein as costs against the plaintiff, and the parties plaintiff and defendant on this appeal shall each pay the items of costs by them respectively incurred. As thus modified, the judgment will stand affirmed and the petition for rehearing is denied.

*Rehearing denied.*