LONG ET AL., APPELLANTS, v. DAVIS, RESPONDENT.

(No. 5,242.)

(Submitted June 4, 1923.  Decided June 30, 1923.)

[217 Pac. 667.]

*Trespass—Livestock—Exemplary    Damages—Malice—Evidence
—Sufficiency—Directed Verdicts.*

Directed Verdict—Motion in Effect Demurrer to Evidence.
   1.   A motion for a directed verdict is in effect a demurrer to the
   evidence, raising the question of its legal sufficiency to establish
   the facts upon which a verdict and judgment must be based, and
   therefore every fact will be deemed proven which the evidence
   tends to prove.
Same—When Motion Should be Denied.
   2.   A motion for a directed verdict should be denied unless the
   conclusion necessarily follows as a matter of law that a recovery
   cannot be sustained on any competent theory for at least nominal
   damages.
Trespass—Livestock—Directed Verdict Improperly Granted.
   3.   Evidence in an action for damages for trespass of cattle upon
   plaintiff's lands, showing that defendant had caused a division
   fence to be removed, had sold the pasture on his land to another
   and permitted cattle to be placed thereon which crossed to plain-
   tiff's premises and destroyed crops thereon, *etc., held* sufficient
   to present a case for the jury and to warrant a verdict for at
   least nominal damages, and that the court's action in directing a
   verdict in favor of defendant was error.
Same—Exemplary Damages—Extent of Showing of Actual Damages
   Required.
   4.   Where actual damage had been shown, though the testimony
   was insufficient to show its money extent, thus entitling plaintiff
   at best to no more than nominal damages, he was nevertheless
   entitled to have the cause submitted to the jury on the question
   of exemplary damages pleaded by him.
Exemplary Damages—When Malice Implied.
   5.   *Held,* that the evidence was sufficient to show the element of
   malice in support of plaintiff's claim for exemplary damages,
   since "malice" does not necessarily mean that which must proceed
   from a spiteful, malignant or revengeful disposition, but may
   consist of acts proceeding from an ill-regulated and not suffi-
   ciently cautious mind, and if such conduct is unjustifiable, malice
   in law may be implied from it.

---

   3.   Lack of division fence as affecting liability for damages by
trespassing cattle, see note in 22 L. R. A, 60.
   Laws relating to stock trespassing or running at large, see notes in
6 A. L. R. 228; 18 A. L. R. 69.
   5.   Necessity of actual malice to justify exemplary damages for tort,
see note in 16 L. R. A. (n. s.) 440.

*Appeal from District Court, Powell County; Geo. B. Winston, Judge.*

Action by Nellie Long and another against Fred Davis. From the judgment for defendant and an order overruling a motion for a new trial, plaintiffs appeal. Appeal from order dismissed, judgment reversed and cause remanded, with directions to grant a new trial.

Cause submitted on briefs of Counsel.

*Mr. W. E. Keeley*, for Appellants.

If the plaintiffs were entitled in this case to nominal damages only, which we do not concede to be the limit, we submit that they were entitled to have the jury pass upon the question of punitive damages. The court should have submitted the question of nominal actual damages to the jury, and also submitted the question of exemplary damages to the jury. The court did not do this, and we submit that its direction of a verdict was reversible error. Not all of the cases hold that exemplary damages can be based upon nominal damages only, but the great weight of authority seems to be that where nominal damages can be awarded and actual damages are shown, but for some reason cannot be computed, exemplary damages should be allowed. (8 R. C. L. 593, 594; *McConathy* v. *Deck,* 34 Colo. 461, 7 Ann. Cas. 896, 4 L. R. A. (n. s.) 358, 83 Pac. 135; *Favorite* v. *Cottrill,* 62 Mo. App. 119; *Lane* v. *Twitchell,* 153 Iowa, 139, Ann. Cas. 1913D, 1243, 36 L. R. A. (n. s.) 968, 133 N. W. 381; 8 R. C. L. 427; *Fields* v. *Lancaster Cotton Mills,* 77 S. C. 546, 122 Am. St. Rep. 593, 11 L. R. A. (n. s.) 822, 58 S. E. 608; 1 Sedgwick on Damages, 8th ed., sec. 361; *Wilson* v. *Vaughn,* 23 Fed. 229; *Hefley* v. *Baker,* 19 Kan. 9; *Saunders* v. *Gilbert,* 156 N. C. 463, 38 L. R. A. (n. s.) 404, 72 S. E. 610; *Lambert* v. *Judge,* 238 Mo. 409, Ann. Cas. 1913A, 351, 37 L. R. A. (n. s.) 533, 141 S. W. 1095; *Smith* v. *Thompson,* 55 Md. 5, 39 Am. Rep. 409; *Press Pub. Co.* v. *Monroe,* 73 Fed. 196, 51 L. R. A. 353, 19 C. C. A. 429; *Alabama*

*R. R.* v. *Sellers,* 93 Ala. 9, 30 Am. St. Rep. 17, 9 South. 375; *Louisville R. R. Co.* v. *Ritchel,* 148 Ky. 701, 41 L. R. A. (n. s.) 958, 147 S. W. 411; 8 R. C. L. 593; 17 C. J. 725, 974.) South Carolina seems to be the only state in which exemplary damages can be recovered without any proof of actual damage. (*Samuels* v. *Richmond etc. R. R. Co.,* 35 S. C. 493, 28 Am. St. Rep. 883, 14 S. E. 943; *Spellman* v. *Richmond etc. R. R. Co.,* 35 S. C. 475, 28 Am. St. Rep. 858, 14 S. E. 947.)

*Mr. S. P. Wilson,* for Respondent.

MR. COMMISSIONER BENNETT prepared the opinion for the court.

In 1918 plaintiffs, Nellie Long and Kenneth Long, and defendant, Fred Davis, owned adjoining lands between which there had been division fences. In November of that year plaintiffs commenced an action against defendant alleging, in substance, that defendant did on or about the fifteenth day of October, 1918, without the consent of or notice to plaintiffs, "willfully, negligently, maliciously, wantonly, unlawfully, deliberately, wrongfully, knowingly, and designedly" remove a large portion of the division fence by reason of which removal the premises of plaintiffs were exposed to and unprotected from cattle in defendant's fields; that after the removal of the division fence defendant willfully placed or caused to be placed in his field a large number of cattle, knowing that they would enter upon plaintiffs' lands; that plaintiffs had crops on their premises; that defendant knew that the cattle so placed on his premises would enter and injure plaintiffs' crops; that plaintiffs requested defendant to remove the cattle until the crops could be removed or a new fence built, and that plaintiffs offered to pasture the cattle in another inclosure during such time, but that defendant refused either to remove the cattle himself or to permit plaintiffs to do so; that the cattle entered upon and injured plaintiffs' crops to their damage in the sum of $1,400. It was also separately alleged that

defendant's acts were done maliciously. On this allegation plaintiffs asked $600· exemplary damages. The issues were made up, the cause tried with a jury in attendance. At the close of the testimony a verdict in favor of defendant was directed, and upon the return thereof judgment was entered for defendant. A motion for a new trial was made and over-ruled. The appeals are from the judgment and the order overruling the motion for a new trial.

The question presented is whether or not the court erred in directing the verdict for defendant and entering judgment thereon.

A motion for a directed verdict being, in effect, a demurrer [1, 2] to the evidence it raises the question of the legal suf-ficiency of the evidence to establish the facts upon which a verdict and judgment must be based. Every fact will be deemed proven which the evidence tends to prove. The mo-tion should be denied unless the conclusion necessarily follows as a matter of law that a recovery could not be sustained on any competent theory for at least nominal damages. These rules are too well settled to require citation of authority therefor.

Defendant has made the following analysis of the elements [3] of a cause of action in such a case as the one at bar. He says that the burden was on plaintiff to prove: (a) The removal of the fence in question, by defendant; (b) the plac-ing by him of cattle in such proximity to the fence as to re-sult in their naturally crossing to plaintiffs' lands, or his negligent handling of the cattle so as to naturally result in their crossing the line of the demolished fence; (c) that the cattle did cross to plaintiffs' lands and damage the crops in question. For the purpose of our discussion that analysis will suffice. We are of the opinion that the testimony was sufficient to support a verdict for plaintiffs for at least nominal damages if the jury had so found.

Defendant admitted that he caused the division fence to be removed. He alleged and proved that he had, prior to the time the fence was removed, sold the pasture on his lands to

another for the purpose of feeding and pasturing a large number of cattle thereon. Plaintiffs' testimony was that the fence had always turned cattle until it was torn down. In our opinion, when defendant permitted the cattle to be placed on the premises under those circumstances, he became liable for any damage which resulted.

The natural consequence of placing a large number of cattle in a partially unfenced field is to have some or all of them wander away. According to both plaintiffs' and defendant's testimony, this did happen. When the cattle were placed in defendant's field they crossed to plaintiffs' premises, and according to plaintiffs' testimony their crops were injured. Thus, in our opinion, a case was made which entitled plaintiffs to a verdict for nominal damages if the jury so found.

But the testimony did not consist solely of that pointed out above. Plaintiff Kenneth Long testified that after the fence was removed he saw defendant drive cattle from his own to plaintiffs' land. He also testified and defendant admitted that plaintiffs had offered to pasture the cattle in a separate inclosure until their crops could be taken care of. This defendant refused to permit. Plaintiffs' testimony was that, upon being informed of the damage the cattle were doing, defendant replied that he was sorry, but could not help it. The trespass of the cattle was continuous. Plaintiffs would drive them off, and they would return. Finally the owner of the cattle which were placed on defendant's premises pursuant to the contract admitted by defendant, and which he relied upon as a defense, was requested to remove them. He replied that he would, but did not do so. They were turned on to the public road. From that place those cattle were taken up and apparently withheld by the owner until the fence was rebuilt. Plaintiffs' testimony also shows that forty-three acres of oats, which had been cut, but not stacked, were almost entirely destroyed by cattle. Defendant brought testimony that other cattle than the ones complained of had been at least partially responsible for this. Plaintiffs had endeavored to prove that no other cattle could have been on their lands ex-

cept such as entered through the opening made by defendant by producing testimony as to the condition of all the other fences. He was not permitted to do so. Plaintiffs' testimony was that defendant did not attempt to keep the cattle off plaintiffs' premises or remove them when they went on.

There was ample testimony from which the jury could have found that all the elements which defendant contends were essential were present. We are of the opinion that the testimony was entirely sufficient to bring the case within the rule of *Schreiner* v. *Deep Creek Stock Assn., post,* p. 104, 217 Pac. 663. In this last case the entire subject of stock trespass was gone into, and the rules applicable are carefully stated. We deem it unnecessary to cite any other authorities.

Defendant, however, insists that the proof is insufficient to [4]    warrant a verdict for compensatory damage for more than a nominal amount, in that only the gross value of the crop was shown and that the cost of preparing the crops for the market was not given the jury. With this contention we are constrained to agree. Any verdict of compensatory damages other than nominal, would have necessarily been based upon conjecture.

Defendant also argues that even though we might find that plaintiffs were entitled to go to the jury upon the question of liability for nominal damages, under the rule announced in *Robb* v. *Porter,* 65 Mont. 460, 211 Pac. 210, the case should not be reversed to enable plaintiffs to recover merely nominal damages.

In anticipation of such a contention, plaintiffs say that they were entitled to have the case submitted to the jury upon the question of exemplary damages. Defendant says that on that point the case is controlled by *Gilham* v. *Devereaux,* 67 Mont. 75, 214 Pac. 606. This last-cited case is not in point, since the jury there had found that plaintiff therein had not suffered any actual damage. Such is not the condition of the record before us. Here we have a situation where the proof was sufficient to support a finding of a substantial injury, but there was not sufficient testimony to enable the jury to find

the amount of damages plaintiffs might have been entitled to. As is said in 17 C. J. 974: "It is not at all necessary to the recovery of exemplary damages that the actual damages should be susceptible of measurement by a money standard." And, in 8 R. C. L. 593, the author says: "It has been held that if actual damage is shown   *   *   *   and the other elements entitling plaintiff to exemplary damages are present exemplary damages may be awarded; in other words, after actual damage is shown, it is unnecessary to show its money extent to sustain a judgment for exemplary damages."

In our opinion these are correct statements of the rule, and [5] the only question remaining is whether the element of malice has been sufficiently shown.

In *Moelleur* v. *Moelleur*, 55 Mont. 30, 173 Pac. 419, this court, speaking to the point that the evidence was sufficient to warrant the jury in returning a verdict for exemplary damage quoted from the case of *Westlake* v. *Westlake*, 34 Ohio St. 621, 32 Am. Rep. 397, as follows: "The term 'malice,' as applied to torts, does not necessarily mean that which must proceed from a spiteful, malignant or revengeful disposition, but a conduct injurious to another, though proceeding from an ill-regulated mind, not sufficiently cautious before it occasions an injury to another.   *   *   *   If the conduct of the defendant was unjustifiable and actually caused the injury complained of by plaintiff, which was a question for the jury, malice in law would be implied from such conduct." Under such rule there was sufficient evidence to have submitted the case to the jury on the question of both nominal and exemplary damages.

It will be noted that the appeals were from the judgment and from the order overruling the motion for a new trial. We have recently pointed out several times that in cases decided by the trial courts since the new Practice Act went into effect such an appeal does not lie, the questions being reached on the appeal from the judgment.

We recommend that the attempted appeal from the order overruling the motion for a new trial be dismissed, and that

the judgment be reversed and the cause remanded to the district court, with directions to grant a new trial.

PER CURIAM: For the reasons given in the foregoing opinion, the attempted appeal from the order overruling the motion for a new trial is dismissed, and the judgment is reversed, and the cause remanded to the district court, with directions to grant a new trial.

*Reversed.*