THE HON. HENRY L. MYERS,
THE HON. ALBERT P. STARK,
THE HON. JOHN A. MATTHEWS, }Associate Justices.
THE HON. ALBERT J. GALEN,

VUKMANOVICH, RESPONDENT, *v.* STATE ASSURANCE CO., APPELLANT.

(No. 6,252.)

(Submitted February 15, 1928. Decided March 8, 1928.)

[264 Pac. 933.]

*Fire Insurance—False Swearing to Proof of Loss—Burden of Proof—Values of Articles Destroyed—Hearsay Testimony—Unreasonable Testimony Incompetent—Evidence of Arson—Offer of Proof—Refusal Proper Where Arson not Pleaded—Courts not Bound by Unimpeached Incredible Testimony—Directed Verdicts.*

Trial—Motion for Directed Verdict—When to be Denied.
    1. A motion of defendant for a directed verdict should be denied if recovery may be had on any competent theory, even though only for nominal damages, and on such a motion every fact will be deemed proved which the evidence of plaintiff tends to prove.

---

1. See 24 Cal. Jur. 913; 26 R. C. L. 1070.

[82 Mont. 52.]

Fire Insurance—Proper Denial of Motion of Defendant for Directed Verdict.

2. Where, in an action on a fire insurance policy, plaintiff's evidence had shown that there was a fire and that some of the property had been damaged to some extent, which latter fact was admitted in the insurer's answer, defendant's motion for a directed verdict was properly denied, the question of how much damage had been done having been one for the jury.

Same — Misrepresentation and False Swearing by Insured, to Void Policy, must have Been Intentional—Burden of Proof.

3. Misrepresentation or false swearing, in making proof of loss, by one suing on a fire insurance policy, in order to void the policy must have been wilful and with intent to defraud, and the burden of proving the allegation lies upon the insurer, the question presented being for the jury's determination.

Same—Values of Articles Destroyed—Hearsay Testimony—Inadmissibility.

4. In an action on a fire insurance policy covering household effects, admission of a list of the articles damaged, giving their values based upon statements made to plaintiff by her deceased husband years before as to what he paid for them, was error as hearsay, as was also her statement that she could remember the purchase price of each of some 216 articles as given to her by her husband during his lifetime.

Evidence—Courts not Bound by Unreasonable or Incredible Testimony, Though Unimpeached.

5. Courts are not bound to and should not give any value to testimony which is unreasonable and incredible, although unimpeached.

Fire Insurance—Owner of Personal Property may Testify to Value— Unreasonable Testimony Incompetent.

6. While the owner of personal property may testify to its reasonable worth, to be competent such testimony must be reasonable; hence, where plaintiff, in an action on a fire insurance policy covering household effects used for many years in a boarding-house, testified that the articles were worth as much when the fire occurred as they were when they were purchased years before, the statement was incompetent because incredible.

Same—Testimony of Conversation Between Persons Unable to Understand Each Other Inadmissible in Absence of Evidence of Interpreter Who Acted for Them.

7. *Held*, that error was committed in permitting plaintiff to testify as to a conversation had with an insurance agent, it appearing that neither could speak nor understand the other's language and that the conversation was had through an interpreter who was not produced as a witness to testify that he translated truly to them.

---

3. Misrepresentation or false swearing in proofs of loss, see notes in Ann. Cas. 1916A, 451, 466, 470; 32 L. R. A. (n. s.) 453. See, also, 14 Cal. Jur. 572; 14 R. C. L. 1343, 1437.

5. Withdrawal of incredible testimony from consideration of jury, see note in 15 Ann. Cas. 1187. See, also, 10 Cal. Jur. 1145; 10 R. C. L. 1008.

6. See 10 Cal. Jur. 846.

Same—Proof Offered to Show Evidence of Arson Inadmissible Where Arson not Pleaded by Defendant.

8. In the absence of an allegation in defendant insurer's answer that the fire which caused plaintiff's damage was intentionally set by plaintiff, an offer to show by firemen that grease or lard had been spread over floors and walls was properly excluded.

---

[1, 2] Fire Insurance, 26 C. J., sec. 770, p. 556, n. 17. Trial, 38 Cyc., p. 1578, n. 38.

[3] Fire Insurance, 26 C. J., sec. 492, p. 382, n. 89; sec. 724, p. 515, n. 22; sec. 772, p. 557, n. 26.

[4] Evidence, 22 C. J., sec. 168, p. 207, n. 51.

[5] Evidence, 23 C. J., sec. 1791, p. 48, n. 38.

[6] Evidence, 22 C. J., sec. 683, p. 581, n. 98.

[7] Evidence, 22 C. J., sec. 157, p. 192, n. 77.

[8] Fire Insurance, 26 C. J., sec. 718, p. 509, n. 72; sec. 762, p. 546, n. 46.

*Appeal from District Court, Silver Bow County; George Bourquin, Judge.*

ACTION by Mary Vukmanovich against the State Assurance Company of Liverpool, England. Judgment for plaintiff and defendant appeals. Reversed and remanded for new trial.

*Mr. R. F. Gaines,* for Appellant, submitted a brief and argued the cause orally.

*Mr. C. S. Wagner,* for Respondent, submitted a brief.

Plaintiff proved a prima facie case by the best evidence at her command and by the best evidence that the nature of her case would, under the circumstances, allow. She could furnish no better evidence. No pretense is made that the inventory received in evidence was in any respect false or fraudulent. It itemizes the different articles insured with the cost and price of each article. The price actually paid for an article of personal property is generally admitted as some evidence of its value at a subsequent period. (2 Jones' Commentaries on Evidence, sec. 704, p. 1320; *Osmers* v. *Furey,* 32 Mont. 581, 81 Pac. 345; *Columbus State Bank* v. *Erb,* 50 Mont. 442, 147 Pac. 617; *Matoole* v. *Sullivan,* 55 Mont. 363, 177 Pac. 254; *Rowley* v. *Mullen,* 74 Mont. 283, 240 Pac. 374.) Evidence, though secondary in character, which tends to prove

the extent or amount of loss for which the insurance company is liable is admissible. (*Connecticut Fire Ins. Co.* v. *Boydston*, 173 Ark. 437, 293 S. W. 730; *Walker* v. *Western Underwriters Assn.*, 142 Mich. 162, 105 N. W. 597; *Stiemke* v. *Jankovich*, 72 Mont. 363, 233 Pac. 904.)

The authorities are uniform in holding that where false and fraudulent swearing is made an issue of the case the burden is upon the defendant insurance company to prove these allegations. Overvaluation is not sufficient to show false swearing such as to avoid the policy. (26 C. J., sec. 724, pp. 515, 516; *Benanti* v. *Delaware Ins. Co.*, 86 Conn. 15, Ann. Cas. 1913D, 826, 84 Atl. 109.)

Inventories, books of account and invoices are competent evidence where the question is as to the amount or extent of the loss. "Where the value of the property injured or destroyed is in issue, any competent evidence, either direct or circumstantial, is admissible which tends to show such value." (26 C. J. 535, note 26.)

When the defendant received and retained the proofs of loss, without objection, it thereby became chargeable that they were intended as evidence of loss and the amount of the loss as claimed by the plaintiff. If it was dissatisfied with such proofs or dissatisfied with the evidence given by the plaintiff when the deposition was taken, it was incumbent upon the company to give notice to the plaintiff and endeavor to adjust the loss with her as provided by the policy. (See *Morrison* v. *Concordia Fire Ins. Co.*, 72 Mont. 97, 231 Pac. 905.) A case squarely in point as to the issues and as to the facts is that of *Helbing* v. *Svea Ins. Co.*, 54 Cal. 156, 35 Am. Rep. 72. See, also, *Rassmusson* v. *North Coast Fire Ins. Co.*, 83 Wash. 569, L. R. A. 1915C, 1179, 145 Pac. 610; *Solem* v. *Connecticut Fire Ins. Co.*, 41 Mont. 351, 109 Pac. 432.

MR. JUSTICE MYERS delivered the opinion of the court.

This is an action, based upon a fire insurance policy, for loss and damage by fire.

Defendant is a fire insurance company, doing business in this state. July 24, 1924, for a term of three years and in consideration of a premium paid it, defendant insured plaintiff against loss or damage by fire, in an amount not in excess of $1,800, as to certain household furniture, family stores and personal effects, by plaintiff owned and possessed. An insurance policy to that effect was issued by defendant and delivered to plaintiff. Plaintiff conducted a boarding-house and the insured property was kept therein. About 10:30 o'clock, P. M., September 19, 1926, while the insurance policy was in force and while plaintiff and family were absent, a fire occurred in the building rented and used by her as a boarding-house.

The complaint alleges the foregoing stated facts and, further, that the insured property was destroyed by the fire; alleges the cash value thereof, at the time, was and the amount it would cost plaintiff to make replacement is in excess of $1,800; alleges the sum of $1,800, on account thereof, is due and owing to plaintiff by defendant and unpaid; alleges notice to defendant of loss and that plaintiff has done and performed everything required of her; prays judgment for $1,800.

Answering, defendant admits plaintiff's ownership and possession of the property, the insurance, the fire, notice thereof; admits that, in and by the fire, the personal property owned by plaintiff "received some injury"; denies other matters alleged by plaintiff. Further answering, defendant sets up certain provisions of the insurance policy, one thereof being a provision that the policy will be voided by any misrepresentation, fraud or false swearing by the insured, before or after loss, and alleges that, after the fire, plaintiff made, in writing, a purported statement of her loss, signed and sworn to by her; and, further, that, thereafter, in accordance with the provisions of the policy, plaintiff was examined under oath about the fire and her alleged loss and that such examination was reduced to writing and signed by plaintiff; and alleges

that, in so doing, in both of such instances, plaintiff was guilty of misrepresentation of facts, fraud and false swearing in the premises.

By reply, plaintiff denies the allegations of misrepresentation, fraud and false swearing.

Trial with a jury was had. Evidence for plaintiff and defendant, respectively, was received. When all of the evidence was in, counsel for defendant moved for a directed verdict in its favor. The motion was denied and the case was submitted to the jury. A verdict, in the sum of $1,200, for plaintiff was returned. Judgment in accordance therewith was rendered. Defendant moved for a new trial. The motion was denied and defendant appealed from the judgment. Several specifications of error are assigned. The first thereof is that the court erred in denying defendant's motion for a directed verdict. We consider it first.

We do not see that the trial court erred in denying the [1, 2] motion for a directed verdict. It is beyond controversy that there was a fire; that thereby some of plaintiff's insured property was partly burned and was injured; that, to some extent, she was damaged thereby. The answer admits that, in and by the fire, plaintiff's property "received some injury." The property could not be injured without damage to plaintiff; injury to her property means damage to her. The question of fact involved was how much damage. Plaintiff testified a lot of her furniture was partly burned. Evidence in behalf of defendant tended to show the damage was slight. How much was a question for the jury.

The stated grounds of the motion for a directed verdict were (1) that the evidence failed to prove the amount of damage caused by the fire and (2) that the evidence showed plaintiff had been guilty of fraud and false swearing with respect to the value of the property insured and the quantity thereof claimed to have been damaged. While the evidence as to the amount of damage is vague, inevitably, owing to defendant's admission of some injury to the property, plaintiff

was entitled to at least nominal damages, unless it had been proven beyond dispute (for the purpose of the motion) that plaintiff had been guilty of false swearing in one or both of the respects charged.

If a recovery may be had on any competent theory, even for nominal damages, a motion for a directed verdict for a defendant should be denied. (*Long* v. *Davis,* 68 Mont. 85, 217 Pac. 667.) "Upon motion of defendant for a directed verdict, every fact will be deemed to be proved which the evidence offered by the plaintiff tends to prove" (*Koerner* v. *Northern Pac. Ry. Co.,* 56 Mont. 511, 186 Pac. 337); and, of course, every fact which is admitted by defendant, for what is admitted does not need to be proven. The first ground of the motion for a directed verdict was untenable, because of the evident liability for at least nominal damages.

The only possibility of escape from such liability, under [3] the pleadings, lies in the affirmative defense that plaintiff was guilty of false swearing. Being an affirmative allegation, the burden was upon defendant to prove it, unless plaintiff's evidence established it. Misrepresentation or false swearing, to void a policy, must be wilful and with intent to defraud. (26 C. J. 557.) If there was or was not any such was a question of fact for the jury. (26 C. J., Id.; *Helbing* v. *Svea Ins. Co.,* 54 Cal. 156, 35 Am. Rep. 72; *Walker* v. *Western Underwriters' Assn.,* 142 Mich. 162, 105 N. W. 597.)

Turning to the record, it is apparent that plaintiff is an ignorant, illiterate foreigner; unable to speak, read, write, understand the English language; she signs her name by mark. After the fire, as proof of loss, she delivered to defendant's agent a statement, prepared for her by another and sworn to by her, of the articles insured and in her house, at the time of the fire, and the value of each. The sum total of valuation was $4,247.30. In giving her testimony at the trial, she testified but vaguely about values; said her husband, some years deceased, when living, had bought the things, from time to time, and most thereof quite a number of years before and

that she got her information of values from what he had told
her he paid for the articles. True, she testified, in one in-
stance, that the articles were worth the value given them, but,
in so doing, it seems inevitable she was not testifying of her
own knowledge. In another instance, she testified there was
no great difference in values between the time the list was
made, some years before, and the time of the fire "outside of
the wear." She did not say what was the amount of deprecia-
tion from wear. She testified all of the articles listed were in
the house at the time of the fire. She testified through an in-
terpreter and testified very brokenly and in a rambling way.
Obviously, it was hard to make her understand and hard to
get from her intelligible answers. Counsel for defendant, in
his brief, likens her to "an infant of tender years." It was
for the jury to decide if such a person had been guilty of
wilful false swearing, with intent to defraud. Apparently,
counsel for defendant relies upon the statement, itself, and
plaintiff's weak testimony to show that she had sworn falsely
in swearing to the statement as a proof of loss. To what she
swore when examined under oath, before the trial, does not
appear in the record. "So complicated a question is one
peculiarly for the jury. * * * The jury may not have
believed that the application was intentionally false, even in
the absence of explanatory evidence." (*Helbing* v. *Svea Ins.
Co.,* supra.) We will not say the court was wrong in its
ruling on the motion for a directed verdict.

Error is assigned to the court's rulings upon various matters
of evidence.

It is contended the court erred in admitting in evidence,
[4] over objection, a list of articles claimed to have been
damaged and the values put thereon, being the statement above
discussed. It was offered and received in connection with
plaintiff's testimony. It was written by another at plaintiff's
direction. As we have said, it appears that plaintiff based her
testimony as to the values given in the list on what her husband
had told her years before. She claimed to remember what he

had told her he paid for each article. The claim that she could remember what he had told her, years before, was the purchase price, in dollars and cents, of each of over 216 articles and did remember it all· and correctly record it when she had the statement made out is unreasonable and incredible and, in that respect, the evidence, too, was hearsay. True, in response to a qualifying question, preliminary to introduction of the writing, she said the articles were worth the value mentioned, seeming to speak of her own knowledge, but, inherently, the answer was most unreasonable. She was saying, in effect, that the articles, at the time of the fire, as second-hand articles, after many years of boarding-house use of most of them, were worth as much as they were when they were bought (if, indeed, she could remember what her husband had told her of it), new, years before, without allowing any depreciation [5] for wear and tear. A court is not bound to and should not give any value to such testimony. (*First State Bank* v. *Larsen,* 65 Mont. 404, 211 Pac. 214; *Casey* v. *Northern Pac. Ry. Co.,* 60 Mont. 56, 198 Pac. 141.) It was without value and left the writing predicated on hearsay, what she claimed her husband had told her years before. We hold the court erred in admitting the list.

It is contended the court erred in overruling objection to [6] this question, asked of plaintiff: "Were the values that you placed upon the articles at that time the reasonable value of those articles at that time, in your opinion?" To which question she answered: "Sure, indeed, they were worth the value mentioned." The question and answer referred to the list made for plaintiff by another, above referred to and admitted in evidence. The answer is the answer above discussed and given preliminary to offer in evidence of the list. The answer was given after plaintiff had testified that, in having the list made for her, she had given as the values of the various articles what she remembered as having been told her by her husband, who purchased the articles, to have been the purchase prices thereof. Then came the foregoing question,

purporting to elicit a statement of her own knowledge, and the answer.

True, in *Klind* v. *Valley County Bank*, 69 Mont. 386, 222 Pac. 439, this court held that *prima facie* proof of ownership of personal property, alleged to have been converted, is all that is required to qualify the claimant to make an estimate of its reasonable value; in other words, that an owner of personal property may testify to its reasonable value. As there set forth, Professor Wigmore, in his work on Evidence, says: "The owner of an article, whether he is generally familiar with such values or not, ought certainly to be allowed to estimate its worth; the weight of his testimony (which often would be trifling) may be left to the jury." (Wigmore on Evidence, 2d ed., sec. 716.) In this instance, we consider the answer of plaintiff worse than trifling; we consider it inherently wholly valueless, because of its nature. Here, we have a witness, the owner, testifying a lot of household furniture and goods, purchased years in the past, much of it many years, to be worth the purchase price, $4,247.30, when purchased, used for years in a boarding-house, and still of the same value, making no allowance for depreciation. It is incredible, obviously untrue. When an owner of personal property testifies in a reasonable way as to the value thereof, it is competent testimony. In this instance we hold the testimony incompetent. We so hold not that the owner may not estimate the value of his property but because of the nature of the answer. True, the trial court could not tell from the question what would be the answer, but after the answer had been made counsel for defendant moved to strike it and we hold it should have been stricken.

Counsel for defendant urges that the court erred in over-[7] ruling his objection to testimony of plaintiff about what one Steele, the insurance agent, told her and again in denying his motion to strike such testimony. As it appears plaintiff could not speak or understand English, in which language Steele spoke, and that Steele could not speak or understand plaintiff's language, and that neither could understand anything the other said and that they conversed through an

interpreter, who was not produced as a witness, to testify that he translated truly for them, on the authority of *Territory* v. *Big Knot*, 6 Mont. 242, 11 Pac. 670, we hold the court erred.

Counsel for defendant urges that the court erred in sustain- [8] ing objection to his question about a slippery condition of the kitchen floor at the time of the fire and objection to his offer to show by firemen that grease or lard had been spread all over the kitchen floor and was on the upstairs floor and walls. Incendiarism or arson was not pleaded in defense nor was there any plea whatsoever that plaintiff was in fault or caused the fire, intentionally or negligently. We see no error in the court's rulings.

Counsel complains of the action of the court in giving its instruction No. 5 to the effect that there was no plea of incendiarism or other fault of plaintiff. We hold the instruction was proper.

Counsel for defendant contends the court erred in rendering its judgment. The judgment naturally followed the verdict but, in our opinion, it should have been set aside and a new trial should have been granted upon the ground of the insufficiency of the evidence to sustain the amount of the verdict. Plainly, there is no evidence upon which to base the amount of the verdict nor any to justify it.

Any specification of error other than those we have discussed we do not deem it necessary to notice. For the reasons given and because of errors committed, as specified, the judgment is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES STARK, MATTHEWS and GALEN concur.