ELIZABETH PULLAN AND JOHN PULLAN, HER HUSBAND, v. MAX M. STALLMAN.

Submitted July 3, 1903—Decided November 9, 1903.

1. Land, in its natural condition, is entitled to lateral support from the adjoining land, and if the removal of that support by the owner of the adjoining land causes a subsidence or crumbling away of the soil, such adjoining owner is responsible for depreciation in the value of the land resulting therefrom, the liability being limited to the damage done to the land itself.
2. For an injury resulting to anything which has been placed on the land, produced by the removal of the soil of the adjacent land, the owner of the adjacent land is not responsible unless such removal was done in a negligent manner.
3. When an owner has removed the lateral support from the lot of an adjacent owner and the latter, fully aware that his lot had been deprived of its support, goes too near to the edge of the excavation and by reason of the giving way of the ground is precipitated into the pit, his negligence in doing what was so palpably a dangerous thing is a bar to his right to recover.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON, HENDRICKSON and PITNEY.

For the plaintiffs, *Jacob L. Newman.*

For the defendant, *Robert H. McCarter.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This is an action for personal injuries received by Mrs. Pullan under the circumstances hereinafter detailed. The plaintiffs recovered a verdict of $1,300, $1,200 of this amount being given to Mrs. Pullan in compensation for her injuries and $100 to her husband for his deprivation of her services and society.

At the time of the accident, and for two years prior thereto, the plaintiffs rented and occupied a property consisting of a two-story frame house, with a small back yard, known as 72 Sheffield street, in the city of Newark. On January 6th, 1902, the defendant, Stallman, acquired the title to these premises, together with other land at the rear thereof. Upon those other lots, and close to the plaintiffs' boundary line, stood a large barn, built upon a stone foundation. Some time during the months of April and May, 1902, this barn was torn down and removed, and thereafter the foundation stones were taken away by an unknown Italian (whether with or without the authority of the defendant was disputed), leaving an unprotected excavation at the rear of the plaintiffs' property and depriving it of its lateral support. The injuries for which this suit was brought were received by Mrs. Pullan through falling into this excavation, while she was engaged in hanging out clothes in her back yard, on the morning of June 3d, 1902. Having put up the clothes-line across the rear of her lot, near to and parallel with the line of the excavation, she proceeded to hang the clothes upon this line, and, while standing four feet from the edge of the excavation, the ground gave way under her and she was precipitated into the hole. On these facts the trial judge left it to the jury to determine from the testimony whether the defendant had knowledge of the removal of the foundation stones before the happening of the accident to Mrs. Pullan, and charged them that if the defendant had such knowledge he was under a legal duty, within a reasonable time after acquiring it, to provide a lateral support for the rear of the plaintiffs' lot in lieu of

the removed foundation stones, and that if he had failed to perform this duty, having had a reasonable time within which to do it, he was liable for the injuries received by Mrs. Pullan.

The measure of the defendant's liability, under the facts proved, was much less extensive than it was stated to be by the trial judge. Land, in its natural condition, is entitled to lateral support from the adjoining land, and if the removal of that support by the owner of the adjoining land causes a subsidence or crumbling away of the soil, such adjoining owner is responsible for depreciation in the value of the land resulting from his action. But his liability is limited to the damage done to the land itself. For an injury resulting to anything which has been placed upon the land, produced by the removal of the soil of the adjacent land, the owner of the adjacent land is not legally responsible, unless such removal has been done in a negligent manner, for the right of support is limited to the land in its natural condition and does not extend to that which may be placed upon the land. *McGuire* v. *Grant,* 1 *Dutcher* 356; *Schultz* v. *Byers,* 24 *Vroom* 442; *Lasala* v. *Holbrook,* 4 *Paige* 169; *Thurston* v. *Hancock,* 12 *Mass.* 220; *Gilmore* v. *Driscoll,* 122 *Id.* 199.

The liability of the defendant, therefore, for permitting the plaintiffs' lot to remain deprived of its lateral support was limited to the injury done to the leasehold interest of the plaintiffs, as he was under no obligation to so support the soil of the lot that it would bear, not only its own weight, but the weight of Mrs. Pullan as well. A verdict should have been directed in his favor.

But even if the duty resting upon the defendant had been as broad as was laid down by the trial judge, still the plaintiffs were not entitled to recover. Mrs. Pullan, when she hung out her wash on the morning of the accident, was fully aware of the fact that the foundation walls of the barn had been removed, and that the soil of the plaintiffs' lot had been thereby deprived of its lateral support. She must have

known, also, that if she went too near to the edge of the excavation the soil was liable to crumble under her and precipitate her into the pit. The risk which she took was a perfectly obvious one. Having taken it, and the result having been disastrous to her, she cannot now shift the sole responsibility for that result upon the defendant; her negligence in doing what was so palpably a dangerous thing is a bar to her right to recover.

The rule to show cause should be made absolute.