MARIANNA W. MANNING ET AL., PLAINTIFFS IN ERROR,
  v. NEW JERSEY SHORT LINE RAILROAD COMPANY,
  DEFENDANT IN ERROR.

Submitted July 11, 1910—Decided November 14, 1910.

1. A railroad company authorized by section 13 of the General
   Railroad law (*Pamph. L.* 1903, *p.* 652) to condemn land required
   for its right of way, having taken proceedings under the Eminent
   Domain act of 1900 (*Pamph. L., p.* 79), the condemnation carries
   with it every right necessary to enable the company to use the
   land for the special purposes of a railroad, including the right
   to lay as many tracks and as near the line of its right of way
   as the overhang of its engines and cars will admit, and to run
   over its tracks rolling stock, passengers, baggage and freight of
   any weight and at any speed practicable in the operation of a
   railroad according to present or future lawful methods, and all
   this weight must be supported laterally by the remaining land.
2. On the trial of an appeal taken by a landowner from an award
   in condemnation proceedings had by a railroad company, formed
   under the General Railroad law (*Pamph. L.* 1903, *p.* 645), by
   virtue of the Eminent Domain act of 1900 (*Pamph. L., p.* 79),
   for part of the right of way of the condemning company, an
   instruction by the trial judge that "The plaintiff is bound to
   support laterally the defendant's land to the extent only that
   the latter remains in its natural condition and not for any
   superimposed weight by the defendant," is erroneous.

On error to the Middlesex Circuit Court.

For the plaintiffs in error, *Ephraim Cutter* and *Alan H.
Strong.*

For the defendant in error, *Linton Satterthwait.*

The opinion of the court was delivered by

TRENCHARD, J. This writ of error is prosecuted by
Marianna W. Manning and Andrew Junker, her tenant, to
reverse a judgment entered upon the verdict of a jury in the
Middlesex Circuit Court in their favor against the New Jer-
sey Short Line Railroad Company, a corporation formed
under the General Railroad law, on an appeal from an award

in condemnation proceedings under the Eminent Domain act of March 20th, 1900 (*Pamph. L., p.* 79), for part of the right of way of the condemning company.

The land taken is a strip containing about two acres, through a tract of about seventy-five acres.

At the trial there was evidence tending to show that practically the whole tract was underlaid with a deposit of clay, and it was contended by the plaintiffs that such deposit of clay constituted the principal element of value in the property, and to this the testimony was mainly directed.

At the close of the testimony. the defendant company requested the learned trial judge to charge as follows:

"The plaintiff is bound to support laterally the defendant's land to the extent only that the latter remains in its natural condition and not for any superimposed weight by the defendant."

This the court charged without any qualification. Exception was duly taken, and the charge so given is assigned for error.

We think the proposition so charged was erroneous.

It is true that ordinarily the duty of lateral support of a neighbor's land is limited to the support of the land in its natural condition. *McGuire* v. *Grant,* 1 *Dutcher* 356; *Schultz* v. *Byers,* 24 *Vroom* 442; *Pullan* v. *Stallman,* 41 *Id.* 10; *Freeholders of Hudson* v. *Woodcliff Land Co.,* 45 *Id.* 355.

But if land is conveyed with buildings on it, "or expressly with a view to the erection of such buildings, or to any other use of it which might render increased support necessary, there would then be an implied grant of such support as the actual state or the contemplated use of the land would require." Per Lord Selborne in *Dalton* v. *Angus, L. R.,* 6 *App. Cas.* 740, 792; 50 *L. J. Q. B.* 689; 10 *Eng. Rul. Cas.* 98.

In *Freeholders of Hudson* v. *Woodcliff Land Co., supra,* where defendant conveyed the land to plaintiff for the purpose of a road to be built according to the grade shown upon a map referred to, it was held that the adjoining land of the defendant was burdened with the lateral support of a road built in accordance with the terms of the deed. In that case

the Supreme Court refers to the case of *Caledonian Railway Co.* v. *Sprot,* 1 *Pat.* (*Sc. App.*) 633, 642; *S. C.,* 2 *Macq. H. L. Cas.* 449; 17 *Eng. Rul. Cas.* 686, where it was held by the house of lords that the grantor, in a conveyance to a railroad company, by implication, conveyed to the company the right to all necessary support of the line of their railway, and he could not derogate from that conveyance by working mines and removing that support, although he had by the conveyance reserved the mines to himself and his heirs, with full liberty to win and work minerals. In the Woodcliff Land Co. case the opinion also refers to *Northeastern Railway Co.* v. *Elliot,* 1 *J. & H.* 145; 2 *DeG. F. & J.* 423; 10 *H. L. Cas.* 333, where a like conclusion was reached in a similar case, and Mr. Justice Swayze, speaking for the court, says: "We think the view taken by the English courts is based upon a correct principle." In that statement we concur.

Now by section 13 of the General Railroad law of 1903 (*Pamph. L., p.* 652), under which the New Jersey Short Line Railroad Company is organized, it is authorized to take by condemnation any of the land required for its right of way, &c., and proceedings are directed to be pursuant to the Eminent Domain act of 1900 (*Pamph. L., p.* 79), by which latter act it is provided (section 7) that the commissioner's report, together with the petition and orders, or certified copies thereof with proof of payment or tender, "shall at all times be considered as plenary evidence of the right of the petitioner to have, hold, use, occupy, possess and enjoy the said land."

The same words occurring in section 12 of the former General Railroad law were held by this court in *Currie* v. *New York Transit, &c., Co.,* 21 *Dick. Ch. Rep.* 313, 318, to vest in the condemning company all present estate, right, title and interest in the land so long at least as its corporate life continues to exist, and so long as it continues to devote the lands to the uses which its charter prescribes. The court, in that case, gives to the condemnation proceedings the same effect as a conveyance of the land for railroad purposes, and the present Chief Justice, speaking for the court, remarks

that "whether the land be acquired by the one method or the other, when the company enters upon and takes possession thereof it does so for the purpose of subjecting it to the uses which its charter authorizes."

The condemnation, therefore, is a legal substitute for a voluntary conveyance, and carries with it every right that is necessary to enable the company "to have, hold, use, occupy, possess and enjoy" the land for the special purposes of a railroad. The landowner can no more derogate from the condemnation than he can from an express grant. The company is entitled to lay as many tracks, and as near the line of its right of way, as the overhang of its engines and cars will admit, and to run over its tracks rolling stock, passengers, baggage and freight, of any weight and at any speed which may be practicable in the operation of a railroad, according to present or future lawful methods. All this weight must be supported laterally by the remaining land of plaintiffs. The soil adjacent to the right of way, and to such distance therefrom as may be required for such support, cannot be removed, and the clay therein cannot be mined so as to materially impair such support; or, if it is, the owner must artificially, at her own expense, support not only the right of way in its natural state, but any weight which the railroad use may add to it.

It follows, therefore, that the landowner must be compensated in the award or verdict for the burden so imposed upon the remaining land. Such compensation was denied to the plaintiffs in the present case by the charge affirming the defendant's request, and therefore the judgment must be reversed, and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, BOGERT, VREDENBURGH, VROOM, DILL, JJ. 12.