GEORGE HESSE, PLAINTIFF-APPELLEE, v. JOSEPH CLARK, DEFENDANT-APPELLANT.

Submitted January 27, 1928—Decided May 1, 1928.

Before Justices PARKER, MINTURN and CAMPBELL.

For the plaintiff-appellee, *Nicholas S. Schloeder*.

For the defendant-appellant, *Leland Taliaferro* and *William H. Speer*.

PER CURIAM.

According to the testimony of the plaintiff in the court below, he was engaged in driving an auto bus when the defendant, Clark, accosted a policeman and asked to have the plaintiff locked up, stating that he was not allowed to run the bus. The officer boarded the bus and caused the plaintiff to drive down to the police station, which he was made to enter, the defendant accompanying him and the policeman. and the defendant made a complaint against him. He was paroled to come back the next day, at which time a written complaint was sworn to by the defendant charging the plaintiff with operating a jitney bus in violation of the ordinance without a permit. The complaint was tried and dismissed, and the plaintiff brought this suit.

The first paragraph of the state of demand charges that while plaintiff was operating his bus under local consent, one Patrick Lane, a police officer, by the order, direction and instigation of the defendant unlawfully placed him under arrest without warrant or process and forced him against his will to accompany the said police officer and defendant to the police station, where he was detained upon oral charge of operating an auto bus in the city of Hoboken without a permit.

The second count charges that later the defendant, Clark, made a written complaint of the same character, that said charge was unfounded and made maliciously and without probable cause, that a hearing was had and the charge was dismissed, and laying damages by reason of the premises.

Much of the argument for the appellant is predicated upon the proposition that the action is an action of malicious prosecution; and we are frank to say that if it were only an action for malicious prosecution, we should probably be unable to sustain this judgment. But it will be observed that the state of demand charges two things, both an unlawful arrest without warrant or process, and later on a complaint and charge of a criminal offense. The two things are entirely separable, and we consider that in an informal pleading like the state of demand in a District Court, the first paragraph charging the unlawful arrest may well stand as one count for false imprisonment, and the subsequent paragraph as a count for malicious prosecution. Of the grounds of appeal, the only ones that need to be considered are that the court failed to direct a verdict for the defendant, and erred in awarding a judgment for the plaintiff. Those that go to malicious prosecution we disregard as immaterial, under the circumstances.

The only remaining point is that the court awarded $50 as a counsel fee; but this is not true in fact. The judge, in discussing the case at the time of giving judgment, concluded as follows: "So, it does not seem to me that it is a case where I should give any really heavy damages, or anything except, possibly, a small sum that might enable the plaintiff to pay his counsel. That is about all. I think I will give a judgment for $50 for the plaintiff." There was no exception to this; there was an exception to the refusal of the court to direct the verdict, but that is all.

This is not the award of a counsel fee. It is the award of a judgment for damages; and while it might be said that the award of $50 was based on a wrong principle, it cannot be said that the plaintiff was not entitled to damages, or that the damages were at all excessive. In cases of this kind, where a man is deprived of his liberty, even temporarily, the element of punitive damages, of course, inheres, and it is not necessary to prove any compensatory damages.

We find no error and the judgment will, accordingly, be affirmed.