## SCHUMACHER v SIEFERT

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10669. Decided May 26, 1930

J. R. & H. R. Snyder, Cleveland, for Schumacher.

Fred C. Printy, Cleveland, for Siefert.

MIDDLETON, PJ and MAUCK, J (4th Dist) and SHERICK, J (5th Dist) sitting

432

SHERICK, J.

A number of errors are complained of in this cause, but the only one strenuously insisted upon in this court is that the defendant in error is not entitled to recover punitive or exemplary damages until she shall have first shown that she has been actually damaged by the trespass. We do not find that this question has been heretofore adjudicated by an Ohio Court; but the general rule applicable to the question seems to have been considered in many other jurisdictions, and we believe it to be the general rule that, if a plaintiff has suffered no actual damages or actual loss, that he cannot maintain an action merely to recover punitive and exemplary damages, for there must be some actual damages sustained and shown, although the elements otherwise authorizing the assessment of exemplary damages may exist. A plaintiff surely has no right to maintain an action merely for the purpose of inflicting a punishment upon another and exemplary damages are in no case a right of the plaintiff upon which an action may be founded in the absence of actual damage. There must be some actual damage, even if the same be no more than nominal to support such an action.

The trial court in its decision on the matter in question clearly states that there is no proof of nominal or actual damages shown in this case, but it is found that the acts complained of were done with malice. It rather seems to this court that the trial court carried the assumption that it was his duty to impose a fine for destroying a fence as provided in **12,483 GC**, but it must be remembered that this was not a prosecution for a misdemeanor, but was an action in trespass for damages sustained to her estate.

We believe that the following authorities fully support the view herein announced, and we direct attention to the case of Gilhan vs. Deveraux, 67 Mont. 75; 214 Pacific, 606; 33 A. L. R. 381.

The note appended to the cases reported in A. L. R. at page 385 is exhaustive and lists many authorities.

The general rule is stated in the same language in 8 R. C. L. page 593, Section 137, and also in Sedgwick on Damages, 9th Edition, Volume 1, Section 361.

It is, therefore, the judgment of this court that this action be and the same is hereby reversed, and this court coming now to enter the judgment that the trial court should have entered, enters final judgment for the plaintiff in error and judgment is rendered against the defendant in error for costs. Exceptions may be noted.

Middleton, PJ, and Mauck, J, concur.