MRS. J. C. WALKER v. L. B. PRICE MERCANTILE COMPANY
AND G. A. PUTT.

(Filed 16 November, 1932.)

**Damages E a—Plaintiff's recovery held not defeated by failure of verdict to distinguish between actual and punitive damages.**

   Where the plaintiff establishes an assault by the verdict of the jury upon supporting evidence he is entitled to nominal damages at least, and where the verdict of the jury fixes the damages at "$200 punitive" and there is evidence that the plaintiff was entitled to recover a large sum as actual or compensatory damages: *Held*, the fact that the jury did not distinguish between actual and punitive damages will not deprive the plaintiff from recovering the sum designated. The distinction is pointed out where the verdict of the jury establishes that the plaintiff is not entitled to recover any actual damages.

APPEAL by defendants from *Harding, J.,* at August-September Term, 1932, of GUILFORD. No error.

In her complaint in this action, the plaintiff alleges two separate and distinct causes of action, on which she demands judgment that she recover of both defendants both compensatory and punitive damages. The issues raised by the pleadings and submitted to the jury were answered as follows:

"FIRST CAUSE OF ACTION.

1. Did the defendant, G. A. Putt, speak of and concerning the plaintiff in substance the words alleged in the complaint? Answer: Yes.

2. Was the defendant, G. A. Putt, the agent of the defendant, L. B. Price Mercantile Company, and acting within the scope of his authority as such agent at the time of the speaking of said words? Answer: Yes.

3. What damage, if any, is the plaintiff entitled to recover? Answer: $50.00.

SECOND CAUSE OF ACTION.

1. Did the defendant, G. A. Putt, assault the plaintiff as alleged in the complaint? Answer: Yes.

2. Was the defendant, G. A. Putt, the agent of the defendant, L. B. Price Mercantile Company, and acting within the scope of his authority as such agent at the time of said assault? Answer: Yes.

3. What damage, if any, is the plaintiff entitled to recover? Answer: $200.00 punitive."

From judgment that plaintiff recover of the defendants, and each of them, the sum of $250.00, and the costs of the action, the defendants appealed to the Supreme Court.

*Wm. E. Comer, S. B. Adams and Allen Adams for plaintiff.*
*Smith & Joyner and Henderson & Henderson for defendants.*

CONNOR, J. The evidence offered by the plaintiff, and admitted by the court, at the trial of this action, was sufficient to sustain affirmative answers to the first and second issues in each of the causes of action alleged in the complaint, and also to sustain the answers to the issues as to the damages which plaintiff is entitled to recover of defendants, on each of said causes of action. This evidence, although sharply contradicted by evidence introduced by the defendants, was properly submitted to the jury. There was no error in the charge of the court to the jury, which entitles the defendants or either of them to a new trial.

The defendants contend that there was error in the judgment, for that the jury did not find that plaintiff is entitled to actual or compensatory damages on her second cause of action, and that in the absence of such finding, she is not entitled to recover the sum of $200.00, which the jury awarded her as punitive damages on her cause of action for assault. Having established her cause of action for assault, plaintiff was entitled to recover nominal damages at least, 5 C. J., 701, and there was evidence in this case, tending to show that she was entitled to recover in addition to nominal damages, a substantial sum as actual or compensatory damages. The fact that the jury did not distinguish between compensatory and punitive damages in the answer to the third issue in the second cause of action, ought not, and does not deprive plaintiff of her right to judgment on the verdict as returned by the jury. In *Gilman v. Devereaux,* 67 Mont., 75, 214 Pac., 606, 33 A. L. R., 381, cited by defendants in support of their contention, the jury expressly found that plaintiff was not entitled to compensatory damages. It was held in that case, that plaintiff was not entitled to judgment for the punitive damages assessed by the jury. That case is distinguishable from the instant case. The judgment in this action is affirmed.

No error.