LINCOLN MEMORIAL PARK OF MILLSTONE, complainant-respondent,

*v.*

LUTHERAN CEMETERY OF NEW JERSEY, a corporation, et al., defendants-appellants.

[Submitted October term, 1934. Decided January 10th, 1935.]

*Mr. Otto A. Stiefel,* for the appellants.

The opinion of the court was delivered by

PARKER, J.

The appeal lacks procedural basis. The suit is to foreclose a mortgage on lands owned by a cemetery company. There are three separate tracts, and the claim was that all of them were devoted to cemetery uses and by the cemetery acts could not be subjected to judicial sale. Conceding for present purposes that lands so circumstanced are exempt from sale even to satisfy a purchase-money mortgage (which is the situation here) the question is not properly before us, for the court ordered a reference to a master to determine the question of fact whether the tracts were, or any of them was, in use for cemetery purposes. The master was attended by counsel on both sides, and reported back that none of the lands covered by the mortgage had been used for cemetery purposes. No exceptions were filed to that report, and it was confirmed in

due course, and a temporary order restraining sale pending the inquiry was discharged. From that confirmation and discharge the present appeal is taken.

Such appeal does not lie. As was pointed out in *Albert & Kernahan, Inc.,* v. *Franklin Arms, Inc., 104 N. J. Eq. 446, 448,* the failure to take exception to the master's report is by implication a consent to this confirmation and consequently a bar to appeal therefrom. See, also, *Polis* v. *Tice, 28 N. J. Eq. 423,* and *Merritt* v. *Jordon, 65 N. J. Eq. 772.*

Following the precedent of *Albert & Kernahan* v. *Franklin Arms, supra,* the appeal will be dismissed.

*For dismissal*—The Chief-Justice, Parker, Lloyd, Case, Bodine, Donges, Heher, Perskie, Van Buskirk, Kays, Hetfield, Dear, Wells, JJ. 13.