40 N.J. Super. 526 (1956)
123 A.2d 785
THEODORE R. BARBER, ET UX, PLAINTIFFS-RESPONDENTS,
v.
HENRY D. HOHL, ET UX, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued June 18, 1956.
Decided June 27, 1956.
*529 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Vincent A. Grasso argued the cause for defendants-appellants (Messrs. Hiering & Grasso, attorneys).
Mr. Julius Robinson argued the cause for plaintiffs-respondents.
The opinion of the court was delivered by CONFORD, J.A.D.
We first call attention to the unqualified endorsement of consent at the foot of the judgment under review by counsel for defendants. On its face the consent thereby evidenced would bar the right of appeal. Cf. Lincoln Memorial Park of Millstone v. Lutheran Cemetery, 117 N.J. Eq. 481, 482 (E. & A. 1935). But it is conceded by plaintiffs that the form of endorsement drawn by their counsel was intended only to secure a consent by defendants to the form of the judgment. We consequently accept the representation of counsel for both parties that no more was intended by them, and, to avoid injustice, we entertain jurisdiction of the appeal.
*530 This was an action for an injunction and for damages, based upon a complaint that defendants' removal of part of a sand dune situated upon their property and continuing upon the adjoining lands of the plaintiffs, close to the waters of Barnegat Inlet, had resulted in a wrongful deprivation of lateral support of those lands; that some of the sand on plaintiffs' property had consequently caved in and been carted away by defendants; and that these acts were done "willfully and maliciously and for the purpose of injuring the property of the plaintiffs." The pretrial order essentially restates the same grievance and asserts damage constituted by diminution of the value of plaintiffs' lands, weakening of buildings on the property and deprivation of protection of the lands against erosion by inlet waters and winds.
At the trial there was evidence on behalf of plaintiffs that defendants had caused the dune to be bulldozed away practically to the property boundary line, causing some 80 cubic yards of sand on plaintiffs' side of the dune to fall over onto defendants' side, whence it was later carted away by defendants' workmen. There was evidence that the defendant, Henry D. Hohl, had disregarded protests by plaintiffs under circumstances from which an inference of malice might be drawn; also that defendants' operations caused a bulkhead on plaintiffs' property to fall and that this was also removed by defendants. A realty expert purported to give an opinion as to diminution of the value of plaintiffs' lands, but the trial judge found his testimony to be without probative weight.
At the end of plaintiffs' case defendants moved to dismiss. At that juncture the trial court ruled: (1) there was no satisfactory proof of damage within the legal measure of damages in a lateral support case, i.e., diminution of "reasonable market value"; (2) punitive damages might be awarded notwithstanding "the omission of proofs of compensatory damage"; (3) the question of injunctive relief was held until the conclusion of the case. The court announced:
*531 "* * * The position in which the parties are left in consequence of the Court's pronouncement just concluded is that the case is held in a [sic] matter of punitive damages and the defendant will proceed if he chooses to.
Mr. Hiering: As I understand the situation, your Honor, the only thing left in this case is the question of punitive damages, if any, against the defendant?
The Court: And the injunction.
Mr. Hiering: And also as to the injunction."
There was the following colloquy between counsel for plaintiffs and the court.
"Mr. Robinson: I am wondering what the Court conceives with respect to the actual sand which was carted away by the defendant?
The Court: I have ruled. If I have not covered that, you will hold it against the Court and deal with it on appeal."
Notwithstanding the foregoing, at the end of the case the court formulated its "findings and opinion," upon which judgment was entered in due course, incorporating rulings that (a) there was no satisfactory evidence of diminution of value of plaintiffs' lands; (b) defendants' activities in removing lateral support were malicious, and punitive damages were awarded in the sum of $350; (c) defendants had destroyed plaintiffs' bulkhead and caused a loss of 80 cubic yards of sand, for which the court assessed "compensatory damages" of $530, $450 for the bulkhead and $80 for the sand. An injunction was denied for lack of proof as to the imminence of danger or as to the extent to which it might be required, but jurisdiction was retained to deal with any later manifestations of instability in the lands imputable to defendants' activities.
The appeal poses three basic points: (1) error in awarding compensatory damages after ruling, on the motion to dismiss, defendants relying thereon, that there was no case for compensatory damages; (2) lack of foundation in the pretrial order for the award of damages as to sand and bulkhead; (3) error in awarding punitive damages, there being no foundation therefor in view of the court's ruling on the motion that compensatory damages had not been established.

*532 I.
We think the first ground of appeal is well taken. The ruling of the court on the motion to dismiss was clear and unequivocal. It was to the effect that plaintiffs had established no compensatory damages. There was every indication that the court's conclusion comprehended the matters of the bulkhead and the displaced sand. The transcript of testimony lends credence to the argument of defendants that if the court had left open the question of compensatory damages they would or might have introduced testimony relative to the amount or value of the sand and as to the bulkhead. They were misled to their prejudice and are entitled at least to a new trial.

II.
Defendants contend further, however, that they are entitled to a final dismissal as to the features of the plaintiffs' case just discussed, on the ground that the case was tried solely on the theory of deprivation of lateral support and that that issue is preclusive of the question of liability in respect to the bulkhead and the sand.
The complaint sounds solely in deprivation of lateral support. The pretrial order states a demand by plaintiffs for restoration of lateral support "by replacing the sand and re-establishing the sand dune," and it specifies an issue as to "damages," but it does not particularize the damages beyond reference to diminution of value of the lands and prospective erosion. There is no mention of a bulkhead or a claim for conversion of sand as property. It is fundamental that the right of lateral support extends only to the land in its natural condition and not to what may be placed upon the land. Pullan v. Stallman, 70 N.J.L. 10 (Sup. Ct. 1903). Damages for a breach of the obligation are generally measurable by the diminution of the value of the lands adversely affected. Ibid., McGuire v. Grant, 25 N.J.L. 356, 368 (Sup. Ct. 1856); Annotation, 36 A.L.R.2d 1253. Since the right of lateral support extends only to the land (saving such exceptional situations as in Manning v. N.J. *533 Short Line R.R. Co., 80 N.J.L. 349 (E. & A. 1910)), there is no liability for injury to improvements on the land except where the removal has been done negligently. Pullan v. Stallman, supra, 70 N.J.L. (at page 12). See Newman v. Pasternack, 103 N.J.L. 434, 437 (E. & A. 1927). Plainly, negligence was not an issue within the purview of either the complaint or the pretrial order. The order not having been amended at or prior to trial, issues concerning damage to or loss of the bulkhead or for conversion of the sand were not appropriately to be dealt with by the court in its determination, Lertch v. McLean, 18 N.J. 68 (1955), unless it can be said that those issues were "tried by consent or without the objection of the parties," R.R. 4:15-2. If so, the fact that the pleadings and pretrial order were not amended, as, indeed, they ought to have been, becomes immaterial, Ibid.; Sattelberger v. Telep, 14 N.J. 353, 364 (1954).
As noted, evidence was adduced concerning the collapse of the bulkhead and as to the cave-in and carting away of the sand. Testimony as to the value of the sand was also offered. None of this was objected to by defendants, so far as can be ascertained from the skimpy appendices to the briefs, and part of it appears to have been the subject of cross-examination. Yet these proofs may have been deemed by defendants submitted on the issues of punitive damages and the demand for a mandatory injunction. An issue is not "tried," within the meaning R.R. 4:15-2, merely because of the admission without objection of some proof on a subject outside the pleadings and pretrial order, unless the parties squarely recognize the presence of the new issue. Binder v. Green, 8 N.J. Super. 88, 93 (App. Div. 1950). See Littlefield v. Kearns, 5 N.J. Super. 68, 72 (App. Div. 1949). We doubt that defendants squarely recognized from the proofs mentioned that plaintiffs were undertaking, if, indeed, that actually was their intention at the time, to establish issues other than the right of injunction, mandatory and preventive, and damages for diminution of the value of their property. We have concluded, however, in the light of the particularly reprehensible manner in which defendants *534 conducted this operation, that the interests of justice will best be served by permitting the issue of damages with respect to the bulkhead and sand to be retried, on a properly comprehensive pretrial order. Plaintiffs are not, however, entitled to a retrial of the issue as to diminution of value of the lands, having had a full and fair opportunity in that regard.

III.
It is true, as defendants argue, that the great weight of authority is to the effect that punitive or exemplary damages will not be awarded unless there is an independent cause of action for compensatory damages, and that, more frequently than not, an actual verdict or award of compensatory damages is held a prerequisite for the allowance of punitive damages. Annotation 17 A.L.R.2d 527, 530. This subject does not appear to have had explicit judicial attention in this State. To be distinguished, of course, is the situation where the right to exemplary damages inheres in the wrong, as for false imprisonment, Hesse v. Clark, 141 A. 570, 6 N.J. Misc. 421, 423 (Sup. Ct. 1928), in which case compensatory damages need not be established. The theory of the general rule is that the mere doing of an act with malicious motive or wrongful animus is not of itself an actionable wrong and that a cognizable tort must have been committed to found a right to recover punitive damages. Foster v. Sikes, 202 Ga. 122, 42 S.E.2d 441, 444 (Sup. Ct. 1947); Schumacher v. Siefert, 35 Ohio App. 405, 172 N.E. 420 (Ct. App. 1930); Brewer v. Second Baptist Church of Los Angeles, 32 Cal.2d 791, 197 P.2d 713 (Sup. Ct. 1948). Some of the authorities hold, however, that even nominal compensatory damages will suffice to support an award of punitive damages. Moyer v. Cordell, 204 Okl. 255, 228 P.2d 645 (Sup. Ct. 1951); Lyons v. St. Joseph Belt Ry. Co., 232 Mo. App. 575, 84 S.W.2d 933 (Kans. Cty. Ct. App. 1935); Finney v. Lockhart, 35 Cal.2d 161, 217 P.2d 19 (Sup. Ct. 1950); Crystal Dome Oil & Gas Co. v. Savic, 51 Idaho 409, 6 P.2d 155 (Sup. Ct. 1931); cf. Spiegel v. *535 Evergreen Cemetery Co., 117 N.J.L. 90, 96 (Sup. Ct. 1936).
In the instant case it may eventuate that no compensatory damages are awarded upon the retrial but even in that contingency there would survive the adjudication heretofore made, continuing as the law of the case, that defendants wrongfully deprived the plaintiffs of lateral support. Defendants concede the fact that some of the sand on plaintiffs' land was dislodged through deprivation of such lateral support, and consequently a wrong is established, whatever the lack of showing as to the loss in pecuniary terms. The injury due to invasion of a legal right may be said to "import damage." Spiegel v. Evergreen Cemetery Co., supra (117 N.J.L., at page 97). In that kind of background, a respectable minority of jurisdictions holds that an adequate basis is laid for the allowance of punitive damages. Annotation, supra, 17 A.L.R.2d, at pp. 539, 540; 25 C.J.S., Damages, § 118, p. 714; Wardman-Justice Motors v. Petrie, 59 App. D.C. 262, 39 F.2d 512 (D.C. Ct. App. 1930); Fauver v. Wilkoske, 123 Mont. 228, 211 P.2d 420 (Sup. Ct. 1949); Gerlach Live Stock Co. v. Laxalt, 52 Nev. 191, 284 P. 310 (Sup. Ct. 1930); Walker v. L.B. Price Mercantile Co., 203 N.C. 511, 166 S.E. 391 (Sup. Ct. 1932). These decisions reveal that where actual damage has been shown to accrue from a tortious act, although the proofs are insufficient to show its pecuniary measure or an award of compensatory damages miscarries for procedural reasons, the return by the fact-finder of punitive damages will nevertheless be permitted to stand, if otherwise warranted. Such a rule is broadly remedial and involves no conflict with the rationale of the general rule stated first above. Applying it here, we hold that the award of punitive damages made by the trial court should stand, to be supplemented in the judgment by whatever award of compensatory damages may be allowed on the retrial.
The judgment is modified and the cause remanded, further to be proceeded with in conformity with this opinion. No costs.