SMITH, respondent, v. DAVIS, appellant.

PLEADING — *malicious prosecution — answer — instructions.* It is incumbent on the plaintiff to allege in his complaint and to prove on trial, "malice and want of reasonable or probable cause," for prosecution. Under a general denial, the defendant may show that he acted upon the advice of counsel learned in the law and upon a full presentation of the facts, and this would be an effectual defense. It is not error for the court below to strike out from the answer such matter when specially and insufficiently pleaded.

Instructions to the jury should be given in accordance with these essentials to a defense.

DAMAGES. In action for malicious prosecution it is competent to allege and prove special as well as ordinary damages.

*Appeal from First District, Jefferson County.*

THE cause was tried before BLAKE, J.

SHOBER & LOWRY, for appellants.

The court below erred in not striking from complaint irrelevant matter calculated to excite prejudice of the jury, and such portions as contained law, argument, hypothesis and evidence, as distinguished from fact. *Green* v. *Palmer*, 15 Cal. 414; *Coryell* v. *Cain*, 16 id. 567; *Willson* v. *Cleaveland*, 30 id. 200.

The court below erred further in striking out portions of answer setting up special defense as bar. This was necessary to be plead specially to admit evidence thereof. 2 Estee's Pl. 672–3, §§ 66–68.

The special defense was sufficiently pleaded. *Berrer* v. *Southard*, 10 N. Y. 236; *Potter* v. *Seale*, 8 Cal. 218.

The answer should have been judged as a whole and may contain as many defenses as exist. Cod. Sts. 1872, p. 39, § 59; *Bell* v. *Brown*, 22 Cal. 671; *Sweet* v. *Tuttle*, 14 N. Y. 465.

If party acts under advice of counsel in making arrest he is not liable for malicious prosecution. *Stone* v. *Swift*, 4 Pick. 389.

The court erred in the instructions given and refused.

SAMPLE ORR, for respondent.

If complaint contains surplusage, defendant was not injured

thereby, and the court will not reverse a case for error that has not injured appellant.   Cod. Sts. 1872, p. 42, § 79.

The court below did not err in striking out part of answer.   It was in contradiction of the general denial.   *Klink* v. *Cohen*, 13 Cal. 623 ; *Kuhland* v. *Sedgwick*, 17 id. 128.

A sworn answer should be consistent with itself.   *Hensley* v. *Tartar*, 14 Cal. 508.

Testimony as to state of appellant's mind was properly rejected, as the answer contained no allegation to justify such evidence.

The instructions of the court gave the law, as it relates to malicious prosecution, correctly.   *Bliss* v. *Wyman*, 7 Cal. 257 ; *Harkrader* v. *Moore*, 44 id. 144.


WADE, C. J.   This is an action for malicious prosecution.   The complaint contains the proper averments of malice and want of reasonable or probable cause, the arrest and imprisonment of the plaintiff at the instance of the defendant, and the discharge of the plaintiff upon a trial before the magistrate.

The first defense is a general denial, and as a separate and distinct defense, the answer alleges that previous to making the affidavit that caused the plaintiff's arrest, the defendant stated the facts as he had been informed, and verily believed them to exist, to one G. F. Cowan, Esq., acting attorney for the Territory in said cause, and that he was informed by such attorney that the facts were sufficient to cause the plaintiff to be placed under bonds to keep the peace toward the defendant; that thereupon the defendant made the affidavit that caused the arrest of the plaintiff, which he avers he did without malice, and because he believed it to be necessary to protect his life.

There was a motion to strike out this second defense, which was granted, and this action of the court is assigned as error.

It was necessary for the plaintiff, in order to maintain the action, to allege in his complaint, and to establish by the evidence upon the trial, malice and the want of reasonable or probable cause.   This is the gist of the action.   It gives life to the complaint.   And the defendant might have controverted every allegation that it became necessary for the plaintiff to prove in order

to make out his case, under the general denial. It follows, therefore, that it was not necessary for the defendant to plead the absence of malice, or that he had reasonable or probable cause for his act in causing the arrest of the plaintiff, in order to establish his defense. The general denial was a sufficient answer, and under it all the matter contained in the second defense, might have been and was introduced in evidence upon the trial. And so, even if there had been error in striking out this defense the defendant could not have been injured thereby.

But if it had been proper to have set forth this defense in the answer, the same was insufficiently pleaded and contained no defense to the action. In an action of this kind, the defendant, to show probable cause and to negative malice, may give in evidence, that he proceeded in the case in good faith, upon the advice of counsel, learned in the law, given upon a full representation of the facts. 1 Hill. on Torts, 437. The allegations of this defense fail to meet these requirements in two material respects. They do not show even that G. F. Cowan is a lawyer, much less that he is a counselor, learned in the law. They do not state that the defendant gave to this acting attorney for the Territory a full representation of the facts. That both of these items of proof are material and necessary in the establishment of this defense does not admit of much question. It is well settled that the defendant must show that he communicated to counsel, learned in the law, all the facts bearing upon the guilt or innocence of the accused, which he knew, or by reasonable diligence could have ascertained. 1 Hill. on Torts, 437–8; *Ash* v. *Marlow*, 20 Ohio, 119 ; *Bliss* v. *Wyman*, 7 Cal. 257 ; *Potter* v. *Seale*, 8 id. 217; *Stone* v. *Swift*, 4 Pick. 389.

In the latter case the court says: " It appears that Swift acted upon the advice of counsel; if he did not withhold any information from his counsel with intent to procure an opinion that might operate to shelter and protect him against a suit, but on the contrary, if he, being doubtful of his legal rights, consulted counsel learned in the law, with a view to ascertain them, and afterward pursued the course pointed out by his legal adviser, he is not

liable to this action, notwithstanding his counsel may have been mistaken in the law."

In *Hall* v. *Suydam*, 6 Barb. 83, the court says: "If a party lays the facts of his case fully and fairly before counsel and acts in good faith upon the opinion given him by such counsel, however erroneous that opinion may be, it. is sufficient evidence of probable cause and is a good defense to an action for a malicious arrest."

Many other authorities might be cited to the same effect, but these are deemed sufficient to point out the defect in the matter contained in the second defense and in the proof that might have been adduced thereunder, and to show that the same was properly stricken from the answer.

The instructions that were given to the jury were drawn in accordance with the view of the law as herein expressed, while those offered upon behalf of the defendant conform to the theory expressed in the second defense and authorized the jury to find that reasonable or probable cause might be based upon the advice of a man not a lawyer, formed upon a partial statement of the facts of the case.

There was no error either in giving or in refusing to give instructions to the jury.

In addition to the ordinary damages recoverable in such an action as this, it is competent and proper to allege and to establish by the proof, special damages, and the motion to strike from the complaint allegations of this character was properly overruled. The judgment is affirmed with costs.

*Judgment affirmed.*