GILHAM, RESPONDENT, v. DEVEREAUX, APPELLANT.

(No. 5,137.)

(Submitted April 5, 1923. Decided April 16, 1923.)

[214 Pac. 606.]

*Damages — Exemplary Damages Predicated upon Finding of Actual Damages.*

Exemplary Damages not Recoverable in Absence of Finding of Actual Damages.
    1.  Before exemplary damages may be awarded, actual damages must first be found to have been suffered.

Damages — Husband and Wife — Alienation of Affections—When Exemplary Damages not Recoverable.
    2.  Under the above rule, in a husband's action for damages for alienation of affections, where the jury expressly found that plaintiff had not suffered any actual damages, an award of $2,000 exemplary damages was unwarranted.

*Appeal from the District Court, Cascade County; J. B. Leslie, Judge.*

ACTION by Anthony C. Gilham against Charles Devereaux. Judgment for plaintiff, and defendant appeals. Reversed. with directions to dismiss the complaint.

*Messrs. O'Leary & Doyle,* for Appellant, submitted a brief; *Mr. W. F. O'Leary* argued the cause orally.

The only question involved in this case is whether or not a verdict for exemplary damages can be sustained where the jury not only fails to allow actual or compensatory damages, but in its verdict expressly fixes the actual or compensatory damages at nothing. We think that such a verdict and a judgment based thereon are invalid. (*Sendegard* v. *Martin,* 83 Kan. 275, 111 Pac. 442; *Gilmore* v. *Mathews,* 67 Me. 517; *Freese* v. *Tripp,* 70 Ill. 496; *Ganssly* v. *Perkins,* 30 Mich. 492; *Maxwell* v. *Kennedy,* 50 Wis. 645, 7 N. W. 657; *Western Union Tel. Co.* v. *Garrett,* 59 Okl. 50, 158 Pac. 619; *Jones* v. *Mathews,* 75 Tex. 1, 12 S. W. 823; *Carson* v. *Texas Trust Co.* (Tex. Cr.),

34 S. W. 762; *Malin* v. *McCutcheon* (Tex. Cr.), 76 S. W. 586; *King* v. *Sassaman* (Tex. Cr.), 54 S. W. 304; *Boardman* v. *Marshalltown Grocery Co.*, 105 Iowa, 445, 75 N. W. 343.)

No appearance in behalf of Respondent.

MR. JUSTICE COOPER delivered the opinion of the court.

The complaint is in two counts. The first charges that the defendant maliciously debauched and carnally knew Myrtle Upham Gilham, the wife of the plaintiff, without his knowledge or consent; the second that he alienated her affections, and deprived the plaintiff of her comfort, society and assistance, to his pecuniary damage in the sum of $20,000. It also asks the assessment of $10,000 as exemplary damages. At the end of the trial the jury returned the following verdict: "We, the jury in the above-entitled cause find for the plaintiff, and assess his compensatory damages at none dollars and his punitive damages at two thousand and no/100 dollars." From the judgment defendant appeals. The record consists of the pleadings, the testimony, the verdict and the judgment. The only question sought to be reviewed is whether the allowance of no actual damages vitiates the award of punitory damages. Counsel for plaintiff have filed no brief.

The appellant's contention is that the judgment cannot be sustained because the jury expressly found that the plaintiff had suffered no actual damages, and that the award of $2,000 exemplary damages was unauthorized.

The foundation for the recovery of punitive or exemplary [1] damages rests upon the fact that substantial damages have been sustained by the plaintiff. Punitive damages are not given as a matter of right, nor can they be made the basis of recovery independent of a showing which would entitle the plaintiff to an award of actual damages. Actual damages must be found as a predicate for exemplary damages. This is the rule announced in many authorities, as will be seen presently.

In *Jones* v. *Matthews,* 75 Tex. 1, 12 S. W. 823, the court said: "We think it evident that the jury deliberately declined to find any actual damages, and intentionally returned the verdict for exemplary damages alone."

In *Shore* v. *Shore,* 111 Kan. 101, 205 Pac. 1027, the supreme court of Kansas remarked: "This court is committed to the rule that punitive damages are never more than an incident to a cause of action for actual damages, and, when allowed, are allowed only in addition to recovered actual damages." (See, also, 1 R. C. L., "Damages," sec. 137.)

In *Hoagland* v. *Forest Park Highlands Amusement Co.,* 170 Mo. 335, 94 Am. St. Rep. 740, 70 S. W. 878, the plaintiff brought an action for his unlawful arrest and assault and battery by the employees of the defendant. The jury gave punitory but no compensatory damages. It was insisted that the judgment should be reversed because the jury gave no compensatory damages. The court said: "It is held in 1 Sutherland on Damages, 2d ed., sec. 406, and in *Kiff* v. *Youmans,* 86 N. Y. 324, 40 Am. Rep. 543; *Stacey* v. *Pub. Co.,* 68 Me. 287; *Freese* v. *Tripp,* 70 Ill. 499; *Maxwell* v. *Kennedy,* 50 Wis. 648, 7 N. W. 657; *Jones* v. *Matthews,* 75 Tex. 1, 12 S. W. 823; *Trawick* v. *Martin-Brown Co.,* 79 Tex. 466, 14 S. W. 584; *Schippel* v. *Norton,* 38 Kan. 567, 16 Pac. 804; *Kuhn* v. *Railway Co.,* 74 Iowa, 137, 37 N. W. 116.; and *Mills* v. *Taylor,* 85 Mo. App. 111—that actual damages must be found as a predicate for the recovery of exemplary damages. The verdict, therefore, seems to be inconsistent with itself, for when no actual damages has been sustained, as found by the jury in the case at bar, no exemplary damages can be allowed, nor can exemplary damages constitute the basis of a cause of action, for they are mere incidents to it, and when given, they are not given upon any theory that the plaintiff has any just right to recover them, but are given only upon the theory that the defendant deserves punishment for his wrongful acts, and that it is proper for the public to impose them upon the defendant as punishment for such wrongful acts in

the private action brought by the plaintiff for the recovery of the real and actual damages suffered by him. No right of action for exemplary damages, however, is ever given to any private individual who has suffered no real or actual damages. He has no right to maintain an action merely to inflict punishment upon some supposed wrongdoer. If he has no cause of action independent of a supposed right to recover exemplary damages, he has no cause of action at all." (See, also, *Sondegard* v. *Martin,* 83 Kan. 275, 111 Pac. 442.)

In *Ganssly* v. *Perkins,* 30 Mich. 492, the supreme court said: "The actual damages should be as nearly commensurate with the actual injury as the nature of the case will permit; and exemplary damages should be given in those cases, and only in those cases, where the plaintiff has some personal right to complain of a wanton and willful wrong, which the wrongdoer, when he committed it, must be regarded as having committed against the plaintiff herself, in spite of the injury he must have known she was likely to suffer by it."

In Sutherland on Damages, 4th ed., sec. 406, the author says: "Bad motive by itself is not a tort. Malicious motives make a bad case worse, but they cannot make that wrong which in its own essence is lawful. But one who does an act maliciously must be careful to see that it is lawful; otherwise, though the actual injury may be slight, the exemplary damages may be considerable. Actual damage must be found as a predicate for the recovery of exemplary damages."

Section 8666, Revised Codes of 1921, reads as follows: "In any action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud, or malice, actual or presumed, the jury, in addition to the actual damages, may give damages for the sake of example, and by way of punishing the defendant."

This court in *Moelleur* v. *Moelleur,* 55 Mont. 30, 173 Pac.
[2]  419, held that the term "malice" as employed in the above section did not necessarily mean that which must proceed from a spiteful or revengeful disposition, but a conduct

injurious to another, and that malice in law would be implied from unjustifiable conduct which caused the injury complained of. That action was one for the alienation of the effections of the husband. The effect of the statute is the same in the present case. Because of the affection which the wife of the plaintiff had for him before she was debauched by the defendant, was thereby alienated and destroyed, and a certain allotment of land theretofore given to him by his mother was lost to him, he alleges in his complaint that he suffered actual damage in the sum of $20,000, and that, incident to the sexual intercourse alleged, exemplary or punitive damages in the sum of $10,000 should be given him. Responding to these averments, and to the authority granted by the first part of the section above, the jury gave the plaintiff nothing for any damages he may have actually suffered by reason of the sexual acts complained of, but by way of punishment for malice attending them there was a verdict for $2,000. Having determined that there was no actual damage done to the plaintiff, there was nothing to which the jury could add the $2,000 allowed as smart money on account of malice, express or implied, in the doing of the acts charged.

The judgment is reversed, with directions to dismiss the complaint.

*Reversed, with directions.*

Mr. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY, GALEN and STARK, concur.