BOWMAN, Admx., Respondent, *v.* LEWIS et al., Appellants.

(No. 8,044.)

(Submitted April 5, 1940.   Decided April 25, 1940.)

[102 Pac. (2d) 1.]

*Messrs. Speer & Hoffman* and *Mr. H. H. Hullinger,* for Appellants, submitted a brief; *Mr. Harvey B. Hoffman* argued the cause orally.

*Mr. D. W. Doyle,* for Respondent, submitted the cause on his brief without oral argument.

MR. JUSTICE ERICKSON delivered the opinion of the court.

This is an action involving the conversion of personal property. The jury brought in the following verdict: "We, the jury in the above entitled action find in favor of the plaintiff and against the defendants F. F. Lewis $300.00, Mrs. Laurine Storms $300.00, and ——, in the sum of $600.00 dollars as actual damages. And we, the jury, find in favor of the plaintiff and against the defendant, Frederick F. Lewis in the sum of $500.00 Dollars exemplary damages, and against the defendant Laurine Storms in the sum of $200.00 Dollars as exemplary damages, and against the defendant Mrs. Roscoe Thompson in the sum of $100.00 Dollars as exemplary damages, and against the defendant Simonton Transfer and Storage Company in the sum of —— Dollars as exemplary damages."

The judgment on the verdict was that the plaintiff recover "from the above-named defendants, Frederick F. Lewis and Laurine Storms the sum of $600.00 as actual damages and that

the plaintiff have and recover of and from the above-named defendant Frederick F. Lewis the further sum of $500.00 as exemplary damages and that the plaintiff have and recover of and from the above-named defendant, Laurine Storms the further sum of $200.00 as exemplary damages and that the plaintiff have and recover of and from the defendant, Mrs. Roscoe Thompson the sum of $100.00 as exemplary damages and that the plaintiff have and recover of and from the said defendant Frederick F. Lewis, Laurine Storms, and Mrs. Roscoe Thompson the plaintiff's costs and disbursements herein taxed at the sum of $105.80.''

The defendants' four specifications of error are: 1. That the verdict of the jury was contrary to the given instructions, that is, against the ''law of the case.'' 2. That the jury had no power to apportion damages. 3. That the jury could not assess exemplary damages against Mrs. Roscoe Thompson, since there were no actual damages assessed against her. 4. That the court erred in rendering the foregoing quoted judgment amending the jury verdict, and erred in taxing costs against F. F. Lewis, Laurine Storms and Mrs. Roscoe Thompson.

We shall discuss first the question of whether the jury violated the instructions given in bringing in a verdict holding part of the defendants responsible for damages while freeing the others. It is settled law that the instructions given to the jury become the law of the case, and a verdict brought in in disregard of them will be set aside. (*LeClair* v. *School Dist. No. 28,* 74 Mont. 385, 240 Pac. 391.)

The instructions claimed to have been disregarded were: ''If the *defendants* (italics ours) unlawfully, and wrongfully took the property owned by the plaintiff from the possession of the plaintiff, it will be your duty to find for the plaintiff in an amount equal to the value of the property belonging to the plaintiff and taken by the *defendants*''; and also the instruction: ''Unless you do find from a preponderance of the evidence that on or about the 15th day of June, 1938, the defendants, Frederick F. Lewis, Laurine Storms, Mrs. Roscoe Thompson, and Simonton Transfer and Storage Company, did wilfully, un-

lawfully, or wrongfully take and carry away personal property belonging to the plaintiff and described in the complaint from the possession of the plaintiff, your verdict must be for the defendants.''

The precise question raised is, under the instructions that refer to the defendants plurally, and not also singularly, may the jury legally find only one or some of the defendants liable? It certainly could not have been the intention of the trial court to tell the jury that they must find *all* the defendants liable, or *none* of them. Such an instruction would have been erroneous, since ''the fact that no case is made or recovery obtained against one defendant does not necessarily enable another defendant to escape liability.'' (65 C. J. 65.)

We have no bill of exceptions before us, but apparently the jury found evidence of conversion by some of the defendants only. The jurymen used common ''horse-sense'' in interpreting the above instructions, realizing that just because all the defendants did not commit acts of conversion, they must turn them all loose. In a conversion case ''a verdict may be found against one or more defendants and in favor of the others.'' (65 C. J. 127.)

It seems to us that counsel is trying to ''stretch a point'' in arguing that the above instructions referred to the defendants plurally only. It might have been more distinct to have added the words ''or any one of them'' after the word ''defendants,'' but apparently the jurymen had a full understanding that the plural word ''defendants'' also included the singular word ''defendant.'' As this court said in *Palmer* v. *Riek*, 108 Mont. 108, 88 Pac. (2d) 16, 18, in quoting from *Kargman* v. *Carlo*, 85 N. J. L. 632, 90 Atl. 292, 295: ''The ultimate test of the soundness of instructions is, not what the ingenuity of counsel can, at leisure, work out the instructions to mean, but how and in what sense, under the evidence before them, and the circumstances of the trial, would ordinary men and jurors understand the instructions as a whole.''

A more serious question is presented in the second specification of error. May a jury apportion damages among joint tort-feasors? In so far as the attempted apportionment

by the jury of compensatory damages is concerned, the general rule is that, "In the absence of a statute authorizing a jury to sever or apportion damages against joint tort-feasors, an assessment of damages against those sued jointly for a wrong must be for one sum against those found liable." (30 A. L. R. 790; 108 A. L. R. 792; 64 C. J. 1084; 27 R. C. L. 893.) Except for a small minority of jurisdictions (a few courts have upheld the right of a jury to apportion actual damages), all the courts have followed the foregoing quoted rule. However, all courts have found difficulty in determining what to do with such verdicts that attempt to apportion actual damages. The two A. L. R. annotations, supra, set forth the various methods used by the courts in correcting irregular verdicts. As stated in *Whitney* v. *Tuttle*, 178 Okl. 170, 62 Pac. (2d) 508, 510, 108 A. L. R. 789: "The authorities are unanimous that such a verdict should be sent back for amendment or correction by the jury. The trial court should have done so in this case, but did not, and we now come to the aspect of the matter about which there is some difference of opinion and procedure. What must be done with such verdicts? Very few states hold them absolutely void. Most jurisdictions adopt rules which avoid the necessity of reversal and retrial, and we believe this is the better practice." (And see sec. 9359, Rev. Codes.)

There seems to be a recognized difference in most jurisdictions between a lump sum verdict which is followed by an attempted apportionment, and a verdict that does not state a lump sum to be allowed plaintiff, but assesses separate damages against separate defendants. In the former situation, most jurisdictions are favorable to allowing the full lump sum against all the defendants jointly, and treating the attempted apportionment as surplusage. (*Whitney* v. *Tuttle*, supra.) Striking out the attempted apportionment can be done either by the trial court or the appellate court (27 R. C. L. 893), but it seems to us that the commendable practice would be for the trial court to send the verdict back to the jury with instructions to correct it.

In the present case, the jury stated the total actual damages to be $600, but then also tried to divide them—$300 against F. F. Lewis and $300 against Laurine Storms. We think such a verdict fits exactly into that type of case where most jurisdictions would strike out the division of damages and enter judgment against the defendants named for the lump sum stated in the verdict. We hold that the trial court did not err in so entering judgment in this case.

As to whether the jury could properly apportion exemplary damages, as it did in this case, viz.: Assessing $500 exemplary damages against F. F. Lewis and $200 damages against Laurine Storms, our court has expressly held that it may. (*Edquest* v. *Tripp & Dragstedt Co.*, 93 Mont. 446, 19 Pac. (2d) 637.)

However, the verdict and judgment against Mrs. Roscoe Thompson, assessing exemplary damages only, cannot stand. A finding of actual damages must be made as a predicate to exemplary damages. (*Gilham* v. *Devereaux*, 67 Mont. 75, 214 Pac. 606, 33 A. L. R. 381.) Also, since the judgment against Mrs. Thompson must be reversed and set aside, that part of the judgment taxing costs against her must also be set aside.

The judgment is affirmed, except as against Mrs. Roscoe Thompson, and as to her it is ordered set aside.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ARNOLD and ANGSTMAN concur.

MR. JUSTICE MORRIS, deeming himself disqualified, takes no part in the foregoing decision.