FAUVER, Appellant, v. WILKOSKE et al., Respondents.

No. 8854

Submitted October 13, 1949.   Decided October 28, 1949.

Rehearing Denied November 30, 1949.

211 Pac. (2d) 420

Mr. Al Hansen, Baker, for appellant. Mr. Hansen argued orally.

Mr. Raymond Shelden, Ekalaka, and Messrs. Farr and Colgrove, Miles City, for respondents. Mr. Farr argued orally.

MR. CHIEF JUSTICE ADAIR:

This is an action for damages for malicious prosecution.

Upon issues being joined the cause was tried to a jury, resulting in the following verdict returned in open court:

"We the jury in the above entitled action, find the issues herein in favor of the plaintiff and against the defendant and assess the plaintiff's damages in the sum of *none*.

"We further find that the criminal action against the plaintiff was commenced and prosecuted against the plaintiff by the defendant without probable cause and maliciously and that plaintiff is entitled to punitive and exemplary damages against the defendant in the sum of *2,500 Twenty-Five Hundred and no.*

"Dated *23 of October 1947.*

"*Delmas H. Baird*

"Foreman."

The verdict is on a typewritten form supplied to the jury, upon retiring, wherein were left blank spaces and lines for the filling in of *the damages* awarded, *the date* and *the signature* of the foreman. The jury, in lead pencil, inserted in the typed form the italicized words and figures, viz.: (1) *"none"* at the end of the first paragraph; (2) *"2,500.00 Twenty Five Hundred and no"* at the end of the second paragraph; (3) *"23 of October 1947"* on the date line and (4) the signature of the foreman, *"Delmas H. Baird"* at the bottom of the verdict.

Following the announcement of the verdict the jury was polled. There was no objection to the verdict as rendered nor was there any order reserving the case for argument or further

consideration or granting any stay of proceedings. The verdict was accepted and ordered filed by the trial court and the jury was then discharged from the case.

Two days later defendant moved "the court that judgment be given, rendered and entered by the court in favor of the defendant, R. A. Wilkoske, and against the plaintiff, that the plaintiff take nothing by this action, and for defendant's costs of suit, notwithstanding that portion of the verdict which purports to give and award to the plaintiff punitive and exemplary damages, by reason of the fact that the jury having first found by its verdict that the plaintiff is not entitled to any actual or compensatory damages, the plaintiff is not entitled to any exemplary damages; and, therefore, that part of said verdict purporting to assess exemplary damages must be disregarded."

Defendant's motion for judgment notwithstanding the verdict was granted and, on January 8, 1948, a purported formal judgment was entered adjudging "that plaintiff take nothing in this action" and that defendant have judgment for his costs. This is an appeal by plaintiff from the purported judgment so entered.

A verdict is not to be technically construed but it should be given such a reasonable construction as will carry out the obvious intention of the jury. In arriving at such intention of the jury reference may be had to the issues, the instructions and the evidence. Consolidated Gold & Sapphire Min. Co. v. Struthers, 41 Mont. 565, 569, 111 Pac. 152.

The Pleadings. The pleadings of the plaintiff allege and those of the defendant admit that upon complaint, signed and sworn to by the defendant, R. A. Wilkoske, a criminal action was commenced in court against the plaintiff J. Wellington Fauver, and that under a warrant issued in such action plaintiff was placed under arrest and prosecuted and that such prosecution finally terminated favorably to the plaintiff Fauver.

Plaintiff's pleadings also aver that the criminal action against plaintiff was commenced and prosecuted by the defendant without probable cause and maliciously resulting in injury to plain-

tiff to his damage in the sum of $10,000. Exemplary damages in the sum of $2,500 and costs of suit are also claimed. The answer ■ denies that there was want of probable cause for plaintiff's arrest and prosecution; (2) denies that defendant was actuated by malice, and (3) denies that plaintiff suffered any damage by reason of the prosecution.

While the answer by way of a so-called "separate and affirmative defense," further alleges that before swearing to the criminal complaint against plaintiff, the defendant Wilkoske fully, fairly and truthfully stated all the facts to the county attorney who thereupon advised defendant "that plaintiff was guilty of the crime of a misdemeanor" and that defendant acted upon such advice of counsel, and, while plaintiff treated such averments as new matter and replied thereto, yet we find nothing in the answer that could not have been proved by evidence admissible under a general denial. The evidence to establish the so-called affirmative defense was admissible as tending to negative or repel the imputation of malice and not as evidence tending to prove another independent issue herein and clearly would have been admissible under a general denial. Smith v. Davis, 3 Mont. 109; Stephens v. Conley, 48 Mont. 352, 370, 138 Pac. 189, Ann. Cas. 1915D, 958.

The Issues. The issues submitted to the jury for determination were: 1. Was the criminal action commenced and prosecuted against plaintiff *without probable cause?* 2. Was defendant actuated by *malice* in instigating the prosecution? 3. Was plaintiff *damaged* by the prosecution?

The jury resolved each of these issues in favor of the plaintiff ■ Fauver and against the defendant Wilkoske. The verdict declares: "We, the jury * * * find the issues herein in favor of the plaintiff and against the defendant * * *." This is the jury's initial and general response to all the issues submitted. Gilmore v. Mulvihill, 109 Mont. 601, 98 Pac. (2d) 335. It constitutes an affirmative answer to each of the foregoing questions of fact. It is a determination that the defendant Wilkoske, without probable cause and maliciously, instigated the criminal prosecution

against the plaintiff Fauver to plaintiff's damage in some amount. It is a verdict for the plaintiff,—a declaration by the jury that the plaintiff is entitled to prevail,—a determination that plaintiff has won his lawsuit.

The gist of an action for malicious prosecution is want of probable cause and malice. Smith v. Davis, supra, 3 Mont. 109, page 110; Martin v. Corscadden, 34 Mont. 308, 319, 86 Pac. 33. A verdict for plaintiff therefore implies a finding of want of probable cause and that the jury drew from such finding an inference of malice. 54 C. J. S., Malicious Prosecution, sec. 109, page 1101, note 53.

Under such circumstances the plaintiff is entitled to recover from defendant for the detriment done to and suffered by plaintiff from defendant's tortious acts ''a compensation therefor in money, which is called damages.'' Sec. 8659, R. C. M. 1935. From a determination of all the issues in the case in his favor the law presumes damage was done to and suffered by plaintiff in some amount. Compare Section 8706, R. C. M. 1935; Long v. Davis, 68 Mont. 85, 90, 217 Pac. 667; Carnes v. Thompson, Mo. Sup. 1932, 48 S. W. (2d) 903, 905.

Here, however, the jury, in its verdict, went further and, in the concluding paragraph thereof, specifically declared: ''We further find that the criminal action against the plaintiff was commenced and prosecuted against the plaintiff by the defendant without probable cause and maliciously and that plaintiff is entitled to punitive and exemplary damages against the defendant in the sum of *2,500.00 Twenty Five Hundred and no.''*

The specific finding that defendant had been guilty of *malice* warranted the jury in giving ''damages for the sake of example, and by way of punishing the defendant,'' sec. 8666, R. C. M. 1935; Martin v. Corscadden, supra, and these the jury gave in the amount stated. As was said in Cornner v. Hamilton, 62 Mont. 239, 245, 204 Pac. 489, 491, an action for damages for malicious prosecution: ''It was proper for the court to instruct the jury in this case on the subject of the allowance of exemplary damages, and proper for the jury, under the evidence, to

allow the same (citing cases), and in this class of cases it is wholly within the province of the jury to fix the amount of damages to be awarded compensatory, as well as exemplary; and, unless its determination appears to have been influenced by passion, prejudice, or some improper motive, or unless the amount is outrageously disproportionate, either to the wrong done or the situation or circumstances of the parties, the court will not generally interfere with the verdict.''

Malice in law would be implied where defendant's conduct is unjustifiable. Cherry-Burrell Co. v. Thatcher, 9 Cir., 107 F. (2d) 65; Cashin v. Northern Pac. R. Co., 96 Mont. 92, 111, 28 Pac. (2d) 862; Moelleur v. Moelleur, 55 Mont. 30, 173 Pac. 419.

In Crystal Dome Oil & Gas Co. v. Savic, 51 Idaho 409, 411, 6 Pac. (2d) 155, 156, referring to actions wherein defendant's conduct is shown to have been wanton, malicious or oppressive, the court said: ''In such cases, definite proof of actual damages is unnecessary. To show that a legal right has been violated is sufficient; the violation itself supplying a foundation for nominal damages. * * * Chaffin v. Fries Mfg. & Power Co., 135 N. C. 95, 47 S. E. 226, 228, quoting Cooley on Torts, 2d Ed., p. 74, to the effect that in the case of a distinct legal wrong, which in itself constitutes an invasion of the right of another, the law will presume that some damage follows as a natural, necessary, and proximate result.' Almost the same language was employed by the South Carolina court in Reaves v. Western Union Tel. Co., 110 S. C. 233, 96 S. E. 295, holding that, 'where there is evidence of a reckless or willful invasion of a legal right the law presumes sufficient actual damages to sustain the verdict for punitive damages.' * * * Damages though nominal, are none the less actual, whether established by proof or implication of law; damage implied is not a figment but a reality, upon which may rest a judgment carrying a substantial bill of costs. * * * In the absence of statute to the contrary, where both actual and punitive damages are, as here, recoverable, a general verdict is sufficient; * * * 17 C. J. 1083, and notes.''

In 15 Am. Jur., Damages, sec. 5, p. 390, it is said: "The law infers some damage from the breach of an agreement or the invasion of a right; * * *"

Hoagland v. Forest Park Highlands Amusement Co., 170 Mo. 335, 70 S. W. 878, 881, 94 Am. St. Rep. 740, was an action for damages resulting from the alleged unlawful arrest and assault and battery of plaintiff by defendants' employees. The jury returned a verdict for plaintiff finding that he had sustained no compensatory damages but assessing exemplary damages at one cent. On plaintiff's appeal from the judgment entered on such verdict the appellate court, in reversing the judgment and remanding the cause, said: "The jury, in finding for plaintiff, in effect found that defendants arrested the plaintiff, and cursed and abused him, without any lawful excuse or reason therefor; and upon that finding he was entitled to have actual damages, in some amount, assessed in his favor. Under such circumstances, at the common law he is entitled to pecuniary reparation by way of damages, at least nominal, and as much more, if anything, as the jury may think him entitled to under the evidence."

In Clark v. McClurg, 215 Cal. 279, 9 Pac. (2d) 505, 81 A. L. R. 908, an action for damages, actual and punitive, for libel and slander, the jury returned a verdict reading: "We, the jury in the above entitled action, find for the plaintiff and assess her damages in the sum of ——— ($———) Dollars as actual damages and the sum of Five Thousand ($5,000.00) Dollars as punitive damages, making a total of Five Thousand ($5,000.00) Dollars, this 20th day of September, 1928." Judgment was entered for plaintiff on such verdict. Defendant's motion for new trial was denied whereupon he appealed. In affirming the judgment the supreme court of California recognized the conflict in the decisions, declined to follow the rule announced by this court in Gilham v. Devereaux, 67 Mont. 75, 214 Pac. 606, 33 A. L. R. 381, and said: "Actual damages being *shown*, it becomes essential to determine whether the money extent thereof must be *found* in order to sustain a finding of punitive damages. Upon this proposition the decisions are in hopeless conflict. 8 R. C. L.

593, sec. 137, 33 A. L. R. 384-417; 2 Sutherland on Damages, 1321-1327, sec. 406. * * *

"The law presumes that general damages follow from the utterance or publication of matter slanderous or libelous per se. Hence where, as here, the publication is slanderous or libelous per se, and is false and unprivileged, a cause of action for actual or compensatory damages is conclusively established. (Citing cases.) Respondent must, therefore, be held to have established her right to compensatory damages, and the fact that the jury, inadvertently or by some mischance, assessed the entire damages as exemplary, instead of segregating them, constitutes an error of form rather than of substance. * * *

"We are disposed to liberally construe the verdict in this case as a general verdict covering all of respondent's damages, both actual and punitive, rather than strictly as an erroneous verdict. The judgment should not be reversed because of the form of the verdict." (Emphasis supplied.)

Section 9358, R. C. M. 1935, provides: "When the jury, or two-thirds of them, have agreed upon a verdict, they must be conducted into court, their names called by the clerk, and the verdict rendered by their foreman; the verdict must be in writing, signed by the foreman, and must be read by the clerk to the jury, and the inquiry made whether it is their verdict. Either party may require the jury to be polled, which is done by the court or clerk asking each juror if it is his verdict; if upon such inquiry or polling, more than one-third of the jurors disagree thereto, the jury must be sent out again, but if no such disagreement be expressed, the verdict is complete, and the jury discharged from the case."

Section 9359, R. C. M. 1935, provides: "When the verdict is announced, if it is informal or insufficient, in not covering the issue submitted, *it may be corrected by the jury,* under the advice of the court, *or the jury may be again sent out.*" (Emphasis supplied.)

The time for correcting an insufficient verdict is at the time it is announced in open court and before it has been ac-

cepted and ordered filed for record and before the jury has been discharged from the case. Sections 9358 and 9359, R. C. M., supra; Northern Pac. R. Co. v. Urlin, 158 U. S. 271, 15 S. Ct. 840, 39 L. Ed. 977.

At no time before the discharge of the jury from this case was the sufficiency of the verdict herein questioned by any one. Apparently the jury, the trial judge and the parties then viewed the verdict as a declaration that the plaintiff Fauver had won his lawsuit; that he had proved his case to the satisfaction of the jury and that he was entitled to recover $2,500 damages from the defendant Wilkoske.

The acceptance of the verdict by the trial court and the subsequent recording thereof under the direction of the court, without objection, reservation or stay was the rendition of judgment. Thereafter it was wholly unnecessary to have any other or formal judgment entered and the absence of the signature of the trial judge on the judgment so rendered in nowise affected its validity.

The statute provides that under the facts here shown ."judgment must be entered *by the clerk, in conformity to the verdict, within twenty-four hours after the rendition of the verdict."* Sec. 9403, R. C. M. 1935.

In McIntyre v. Northern Pac. R. Co., 58 Mont. 256, 265, 191 Pac. 1065, 1067, this court, construing section 9403, supra, then section 6800, Revised Codes of 1907, speaking through Mr. Chief Justice Brantly, said: "Under this provision, the return and recording of a general verdict makes it the ministerial duty of the clerk to enter judgment. In other words, the recording of the verdict under the direction of the court is the rendition of judgment. Thereafter the court has no other function to perform with reference to it, unless it has ordered the case to be reserved for argument or further consideration, or granted a stay of proceedings. The custom of drawing a formal judgment and having the judge to sign it is usually observed; but this is not required by statute. The signature of the judge is not essential to its validity." (Citing cases.) Compare: Couse v.

Dietz, 117 Mont. 539, 544, 159 Pac. (2d) 886; Conway v. Fabian, 108 Mont. 287, 302, 89 Pac. (2d) 1022; Commercial Bank & Trust Co. v. Jordan, 85 Mont. 375, 385, 278 Pac. 832, 65 A. L. R. 968.

After a case has been submitted to the jury and a verdict has ▮▮▮ been returned, accepted and filed at the direction of the court and the jury discharged from the case, the only way to reach the verdict, if insufficient in not covering the issues submitted, or if it is against the law, is by a timely and proper motion for a new trial based upon such grounds. See Lish v. Martin, 55 Mont. 582, 179 Pac. 826; Morris v. Burke, 15 Mont. 214, 38 Pac. 1065.

It is manifest that counsel for defendant misconceived the ▮▮▮ legal remedy available to them for under the statutes of this state there is no warrant for entering a judgment "notwithstanding the verdict" in a law case. In other words, it is neither proper nor permissible in this jurisdiction to move for judgment non obstante veredicto. Best v. Beaudry, 62 Mont. 485, 489, 205 Pac. 239, 240; 33 C. J., Judgments, sec. 111, page 1177, 49 C. J. S., Judgments, sec. 59. Compare: Prairie Flour Mill Co. v. Farmers' Elevator Co., 45 Idaho 229, 261 Pac. 673; Kirk v. Salt Lake City, 32 Utah 143, 89 Pac. 458, 12 L. R. A., N. S., 1021; Morrison v. Perry, 104 Utah 151, 140 Pac. (2d) 772, 780; Helgeson v. Powell, 54 Idaho 667, 34 Pac. (2d) 957.

According to the weight of authority actual damages must be *shown* in order that exemplary damages may be recoverable. 25 C. J. S., Damages, sec. 118, page 713; Clark v. McClurg, supra; Long v. Davis, supra.

Conflicting Rules. In this jurisdiction two conflicting rules have been announced relative to the recovery of exemplary damages in a jury case. See 25 C. J. S., Damages, sec. 118, page 714, note 67, stating the two rules announced by this court.

In Gilham v. Devereaux, supra, decided April 16, 1923, this court, speaking through Mr. Justice Cooper said [67 Mont. 75, 214 Pac. 606]: "Actual damages must be *found* as a predicate for exemplary damages." (Emphasis supplied.)

Less than three months later in Long v. Davis, supra, decided June 30, 1923, this court announced as the correct rule: Where actual damages have been *shown,* though the testimony is insufficient to *show* its money extent, thus entitling plaintiff at best to no more than nominal damages, he was nevertheless entitled to have the cause submitted to the jury on the question of exemplary damages pleaded by him. The court said [68 Mont. 85, 217 Pac. 668] : ''Here we have a situation where the proof was sufficient to support a finding of a substantial injury, but there was not sufficient testimony to enable the jury to find the amount of damages plaintiffs might have been entitled to. As is said in 17 C. J. 974: 'It is not at all necessary to the recovery of exemplary damages that the actual damages should be susceptible of measurement by a money standard.' And, in 8 R. C. L. 593, the author says: 'It has been held that if actual damage *is shown* * * * and the other elements entitling plaintiff to exemplary damages are present exemplary damages may be awarded; in other words, after actual damage *is shown,* it is unnecessary *to show* its money extent to sustain a judgment for exemplary' damages'.'' (Emphasis supplied.)

In Truzzolino Food Products Co. v. F. W. Woolworth Co., 108 Mont. 408, 420, 91 Pac. (2d) 415, and again in Bowman, Adm'x v. Lewis, 110 Mont. 435, 440, 102 Pac. (2d) 1, this court cited with approval Gilham v. Devereaux, supra, apparently overlooking the later case of Long v. Davis, supra.

In the instant case defendant cites and relies upon the Gilham case, supra, while plaintiff cites and relies upon the Long case, supra. The more liberal and we believe the correct rule is that stated in the Long case, supra. Accordingly we decline to follow the rule announced in the Gilham case, supra, and expressly overrule those portions of the opinion therein and of the opinions in the Truzzilino case, supra, and in Bowman, Adm'x v. Lewis, supra, which are at variance or in conflict with the rule announced and followed in Long v. Davis, supra.

Damage Shown. The undisputed testimony *shows* that following his arrest Fauver, the accused, retained counsel who ap-

peared for and represented him throughout the criminal prosecution, first in the justice of the peace court, and next, in the district court, wherein, at the close of all the evidence, the jury returned a directed verdict of acquittal, following which Fauver was discharged and the prosecution finally terminated. The record further *shows,* without dispute, that for the professional services so rendered, Fauver paid to his attorney the sum of $350; that in addition plaintiff paid out $25 for transcripts, about $10 for telephone calls, and approximately $200 for ten trips to consult his attorney in journeying from his home south of Ekalaka to Baker, Montana, where his counsel resided. The above are out of the pocket expenditures and are exclusive of the loss of business, humiliation, mental suffering and injury to his good name suffered by plaintiff Fauver.

The *showing* in the record before us of actual damage done to and suffered by plaintiff directly attributable to and occasioned by the criminal prosecution against him is clearly sufficient to sustain an award of compensatory damages in a substantial amount and any other finding would be against the undisputed evidence herein.

The Instructions. In none of its instructions did the trial court define "damages" or instruct the jury as to the elements of damage to be considered by the jury or explain "actual damages" or "compensatory damages" or inform the jury how such damages differ from "exemplary damages" or "punitive damages."

To enable the jury to determine the amount of actual or compensatory damage done to or suffered by plaintiff it was essential to know the elements of damage that could properly be considered in arriving at a sum to insert in the verdict and in this important matter the jury was not instructed.

Juries are not versed in legal phraseology nor fine legal distinctions. Their chief function is to resolve the conflicts in the evidence and determine the facts. The office of instructions is to give information to the jury concerning the law of the case for immediate application to the subject matter before it.

In its instruction No. 13 the court instructed the jury: "You should take the Law in this case from these instructions *alone* and you should not give any weight to statements of counsel or of anyone else as to what the Law is * * *" (Emphasis supplied.) Thus was the jury instructed to look only to the court's instructions for the law, yet nowhere was it instructed as to the law governing the awarding of damages.

The actual damage resulting to plaintiff is clearly *shown* to be quite substantial and malice having been found, his right to exemplary damages will not be denied when the jury's failure to write in and assess the amount of plaintiff's actual damages was due to wholly inadequate instructions and not to any absence of *showing* that substantial injury and damage had been suffered by plaintiff. Had the jury given plaintiff a substantial amount as actual damages and also awarded exemplary damages, the validity of its verdict would be beyond question under the facts *shown* by the undisputed evidence herein. Such being the case, with what reason can the defendant complain that the jury found against him for damages of the one kind when they had had the unquestioned right to find against him on both kinds?

Plaintiff must therefore be held to have established his right to actual damages, and the fact that the jury, inadvertently or by some mischance, failed to separately assess the actual damages shown by uncontradicted evidence most certainly does not warrant the court in disregarding the jury's findings and verdict. Clark v. McClurg, supra.

By its verdict the jury has evidenced its intention to decide this lawsuit in favor of the plaintiff and against the defendant and to award plaintiff $2,500 damages. Accordingly the trial court's order filed January 3, 1948, granting defendant's motion for judgment notwithstanding the verdict is set aside and vacated and in lieu thereof an order will be entered denying such motion. The formal judgment filed January 8, 1948, adjudging that plaintiff take nothing by this action and that defendant have judgment for his costs is reversed and set aside,

and it is ordered that the clerk of the district court enter. judgment in favor of the plaintiff, J. Wellington Fauver, and against the defendant, R. A. Wilkoske, in conformity to the verdict wherein plaintiff shall have judgment against the defendant in the sum of $2,500 and plaintiff's costs in the district court, together with interest on such sums from October 23, 1947, plus plaintiff's costs on this appeal. It is so ordered.

Associate Justices Freebourn, Angstman, Metcalf and Bottomly, concur.

Rehearing denied November 30, 1949.