119 So.2d 319 (1960)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a Corporation, Appellant,
v.
Joseph H. GANZ et al., Appellees.
No. 58-755.
District Court of Appeal of Florida. Third District.
March 23, 1960.
Rehearing Denied April 25, 1960.
Walton, Lantaff, Schroeder, Atkins, Carson & Wahl, Miami, for appellant.
Truett & Watkins and Hendricks & Hendricks, Miami, for appellees.
*320 HORTON, Chief Judge.
This appeal by defendant State Farm Mutual Automobile Insurance Company, hereinafter referred to as State Farm, is from a final judgment rendered against it in the amounts of $15,000 compensatory damages and $40,000 punitive damages. In the same action, the sum of $200 was awarded against a second named defendant, R.C. Cooper, as punitive damages; however, this latter award was set aside upon post trial motion and a final judgment in favor of defendant Cooper was subsequently entered. The appellee has assigned as error the entry of the final judgment in favor of Cooper.
The action arose out of a complaint seeking compensatory and punitive damages for alleged interference by appellant with attorney-client contracts entered into between appellee and some 26 Puerto Ricans who had been in an automobile-bus accident. The complaint alleged that the defendants caused plaintiff's clients to address letters to plaintiff notifying him of the termination of his employment as their attorney; that such letters were procured through fraud, duress and coercion, and against the will and intent of plaintiff's clients.
The trial of this cause consumed approximately five days, during which time 836 pages of testimony were taken, approximately 56 evidentiary exhibits were received, and some 31 witnesses heard, either in person or by deposition.
State Farm has urged several reasons for reversal of the judgment; however, we conclude that the determinative point is whether or not the trial court erred in admitting certain evidence of the plaintiff over defendant's objections. Although we conclude the other points raised are not necessary for determination of this appeal, several of these will be discussed since they will undoubtedly arise upon a retrial of the cause.
Appellant contends that the trial court erred (1) in admitting hearsay testimony; (2) in admitting certain depositions; and (3) in the admission of an entire file of a prior proceeding
During the course of the trial, plaintiff Ganz testified that the day following the accident, he received a telephone call from one DeLiz, who was not personally involved in the accident and did not testify, and over objection that what was said would be hearsay, plaintiff testified regarding the telephone conversation to the effect that one of the injured Puerto Ricans had requested DeLiz to bring an attorney to the farm; that he and DeLiz went to the farm and, by using DeLiz as interpreter, he spoke with certain of the injured laborers. The court then, over objection,[1] allowed plaintiff to testify as to what was said through DeLiz as an interpreter, regarding the execution of the attorney-client contracts in question.
Later in the trial, the plaintiff testified that after the Puerto Ricans had released him as their attorney and signed releases with State Farm, a number of them came to his office and requested that he represent them. At this time, a statement was taken from the Puerto Ricans through an interpreter. Plaintiff was allowed to testify over objection regarding these statements as follows:
"That State Farm people and Cooper and Mclindez, that they were told that if they didn't sign these papers they were going to fire them and throw them out onto the street, on the highway."
*321 2 Jones, Evidence § 268 (5th ed. 1958) says:
"The general rule which bars the admission of evidence falling within the definition of hearsay is so firmly established and so well known that the citation of authority affirming the general principle seems hardly warranted."
Further, two well-known definitions of hearsay are noted by this authority:
"* * * [T]hat kind of evidence which does not derive its value solely from the credit to be attached to the witness himself, but rests also in part on the veracity and competency of some other person from whom the witness has received his information."
"* * * [T]hat rule which prohibits the use of a person's assertion, as equivalent to testimony of the fact asserted, unless the asserter is brought to testify in court on the stand, where he may be probed and cross-examined as to the grounds of his assertion and of his qualifications to make it."
The issue raised here was whether or not State Farm wilfully and maliciously interfered with attorney-client contracts. Although relevant and material for the purpose of proving this issue, clearly the testimony of the plaintiff as to what the Puerto Ricans or DeLiz told him comes within the hearsay rule. See Martin v. Martin, Fla. 1953, 66 So.2d 268; Vaughan's Seed Store v. Stringfellow, 56 Fla. 708, 48 So. 410; 5 Wigmore, Evidence § 1361 (3d ed. 1940) et seq.
In addition to that testimony concerning conversations directly with the plaintiff, we must consider the conversations through interpreters as testified to by Ganz. Plaintiff's testimony as to what an interpreter told him someone else said was incompetent as hearsay and should have been excluded. See Annotation 116 A.L.R. 800, 6 Wigmore, Evidence, § 1810(2) (3d ed. 1940).
Appellant points out that seven depositions were admitted into evidence, over its objection, and contends that these depositions were not signed and there was no stipulation waiving signature. While it is not altogether necessary for us to decide this question, especially since the appellee points out that the objection was withdrawn at a time subsequent to the admission of the depositions, nevertheless, since the cause will be remanded for a new trial, a discussion of this point may be of assistance upon a retrial. Rule 1.24(e) Florida Rules of Civil Procedure, 30 F.S.A., provides:
"When the testimony is fully transcribed the deposition shall be submitted to the witness for examination and shall be read to or by him, unless such examination and reading are waived by the witness and the parties."
And further:
"The deposition shall then be signed by the witness, unless the parties by stipulation waive the signing * * *."
The certificate of the reporter, appended to the deposition, recites:
"I, * * *, being a Notary Public for the State of Florida at Large, do hereby certify that I reported the depositions of Miguel Zambrana, Dionisio Matias, Jose Pepe Gonzales, Claudio B. Domingo, Dionisio Espoda, Juana Zambrana, Giomela Torres Espoda, witnesses for the plaintiff in the above-styled cause; that the said witnesses were duly sworn by Humberto Fuentes, the interpreter; that the reading and subscribing of depositions of Dionisio Matias, Jose Pepe Gonzales, Claudio B. Domingo, Dionisio Espoda, Juana Zambrana and Giomela Torres Espoda, were waived by the witnesses and by counsel for the respective parties; that the deposition of the witness Miguel Zambrana was read to him by the interpreter, and subscribed by him in my presence; *322 that the foregoing pages, numbered from 1 to and including 134, constitute a true record of the depositions by said witnesses through the interpreter.
"Witness my hand and official seal in the City of Miami, County of Dade, State of Florida, this 9th day of January, 1958."
Following introduction by appellee of the reporter's certificate, counsel for State Farm and Cooper, both of whom were present at the taking of the depositions, offered statements to the court that the signing had not been waived. The trial judge concluded that the question of waiver was one of fact which should be determined by the jury. In 9 Wigmore, Evidence § 2550 (3d ed. 1940) it is stated that the admissibility of a given piece of evidence is for the judge to determine and insofar as this admissibility in law depends upon some incidental question of fact, this also is for the judge to determine. We conclude, for the purpose of retrial, that the question of waiver should be determined by the trial judge.
Appellant raises as error the admission, over objection, of the entire file of a case styled Sabrina v. Dunn, in which certain of the Puerto Rican claimants, represented by counsel other than Ganz, succeeded in setting aside releases given to State Farm. The judgment in Sabrina v. Dunn was properly admitted to show the element of damages sustained by Ganz; however, it is not necessary to the admissibility of the judgment as evidence that the entire record of the proceeding be shown. See Watson v. Jones, 41 Fla. 241, 25 So. 678. This is true especially in view of the fact that plaintiff's counsel went to the special verdict contained in the file which had nothing to do with the question of damages and proceeded to question witnesses regarding its legal effect.
The appellee has filed a joinder in appeal directed to the trial judge's action in setting aside a jury verdict rendered against R.C. Cooper in favor of appellee Ganz. The jury's verdict was for punitive damages and the trial judge set the same aside upon the theory that a punitive damage award could not be supported in the absence of a verdict of compensatory damages. The appellee assumes the position that when two or more persons are charged as joint tort feasors, a jury verdict awarding compensatory damages against one will support an award of punitive damages against all who have committed the tortious act. However, since we have concluded that the judgment awarding compensatory and punitive damages against the appellant must be reversed and remanded for a new trial, there would be no basis for an award of punitive damages against Cooper. See McLain v. Pensacola Coach Corp., 152 Fla. 876, 13 So.2d 221; Fowlkes v. Sinnamon, Fla.App. 1957, 97 So.2d 626; Gilham v. Devereaux, 67 Mont. 75, 214 P. 606, 33 A.L.R. 384; Fauver v. Wilkaske, 123 Mont. 228, 211 P.2d 420, 17 A.L.R.2d 527; 25 C.J.S. Damages § 118; 9 Fla.Jur., Damages § 118.
Accordingly, the judgment appealed is reversed and the cause is remanded for further proceedings not inconsistent herewith.
Reversed and remanded.
CARROLL, CHAS, J., concurs.
PEARSON, J., concurs specially.
PEARSON, Judge (concurring specially).
The opinion written by Chief Judge HORTON expresses my own view of the law which governs this case, except I am concerned that the opinion may be construed as a holding that all testimony as to what was said through an interpreter is hearsay. Such a holding is not, in my view, necessary to a decision in the instant case. I do not agree with such a conclusion. See Meacham v. State, 45 Fla. 71, 33 So. 983.
NOTES
[1] "If your Honor please, I am going to object at this stage to anything that Mr. deLiz told Mr. Ganz that someone else said, on the ground that it's pure hearsay when you're speaking through an interpreter and an interpreter is an agent of the person hiring you."